[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 15, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-12661
Non-Argument Calendar

_____

D. C. Docket No. 04-00138-CV-JTC-3

KENNETH W. ROBINSON,

Plaintiff-Appellant,

versus

HOGANSVILLE POLICE DEPARTMENT,
POLICE CHIEF GUY SPRADLIN, individually
and in his official capacity as Hogansville
Police Chief,
TOMMY HATCHER, individually and in his official
capacity as Hogansville Police Officer,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(December 15, 2005)

Before TJOFLAT, ANDERSON and BIRCH, Circuit Judges.

PER CURIAM:

In this case, appellant, proceeding pro se, sued the Hogansville Police Department, Police Chief Guy Spradlin, and officer Tommy Hatcher, the appellees, under 42 U.S.C. § 1983, claiming that they had infringed his rights under the Fourth and Fourteenth Amendments. When appellees failed to respond to his complaint, appellant requested the district court's clerk to enter a default against them, and the clerk did so. Appellees moved the court to set aside the defaults, Hogansville Police Department representing that it was not a legal entity subject to suit, Spradlin and Hatcher claiming that they had not been properly served. Appellant responded by moving for the entry of a default judgment. Appellees then countered with a motion to dismiss appellant's complaint on the grounds that the court lacked jurisdiction over their persons and that the complaint failed to state a claim for relief under § 1983.

The district court denied appellant's motion for default judgment and granted appellees' motions to set aside the default and to dismiss the complaint. Record Vol 1 at Tab 20. Appellant now appeals, contending that the court erred in ruling that he had not properly served the individual defendants and in dismissing the case. We find no merit in his appeal and therefore affirm.

2

Under the Federal Rules of Civil Procedure, service of process on an individual may occur (1) "pursuant to the law of the state in which the district court is located" or (2) "by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(1)-(2). Georgia's rule for service of process on an individual is substantively identical to the federal rule. See O.C.G.A. § 9-11-4(e)(7). Under Federal Rule of Civil Procedure 17(b), the "capacity to sue or be sued [is] be determined by the law of the state in which the district court is held." We have recognized that "[s]heriff's departments and police departments are not usually considered legal entities subject to suit." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (dismissing claim against an Alabama sheriff's department because the department was not subject to suit). Under Federal Rule of Civil Procedure 4(j)(2), a local government must be served in accordance with the laws of the state or by delivering it to the local government's chief executive. Pursuant to O.C.G.A. § 9-11-4(e)(5), in order to serve a "municipality, city, or town" the plaintiff must serve "the chairman of the board of commissioners, president of the

3

council of trustees, mayor or city manager of the city or to an agent authorized by appointment to receive service of process." An entry of default by a district court clerk pursuant to Federal Rule of Civil Procedure 55(b)(1), may be set aside for "good cause." See Fed. R. Civ. P. 55(c). Also, if service is not made "within 120 days after the filing of the complaint, the court . . . shall dismiss the action without prejudice." Fed. R. Civ. P. 4(m).

With respect to appellees Spradlin and Hatcher, as the court properly found, appellant did not substantially comply with the requirements of Rule 4(e)(2). Therefore, the court correctly concluded that it did not have personal jurisdiction over them. The proper party to appellant's claim was the City of Hogansville. Appellant neither complied strictly or substantially with the rule regarding service on a local government. See Fed. R. Civ. P. 4(j)(2); O.C.G.A. § 9-11-4(e)(5). Therefore, the court correctly found that it did not have personal jurisdiction over the Hogansville Police Department or the City of Hogansville. Because the court did not have personal jurisdiction over any of the appellees, the appellees satisfied the "good cause" requirement of Fed. R. Civ .P. 55(c) and the court did not abuse its discretion in setting aside the entry of default. Because appellant failed to effectuate service "within 120 days after the filing of [his] complaint," the court did not err in dismissing it. See Fed. R. Civ. P. 4(m).

AFFIRMED.