TRACFONE WIRELESS, INC.,
a Delaware corporation,
Plaintiff,

v.

DISTELEC DISTRIBUCIONES ELEC-
TRONICAS, S.A. de DV, a foreign
corporation, Defendants.

No. 10–21396–CIV.

United States District Court,
S.D. Florida.

Aug. 23, 2010.

---

James Blaker Baldinger, Carlton Fields PA, West Palm Beach, FL, Steven Jeffrey Brodie, Aaron Stenzler Weiss, Carlton & Fields PA, Miami, FL, for Plaintiff.

Oliver Alan Ruiz, Malloy & Malloy, P.A., Miami, FL, for Defendants.

## *OMNIBUS ORDER*

URSULA UNGARO, District Judge.

THIS CAUSE is before the Court on the following several motions: Plaintiff's Motion for Final Default Judgment, filed July 9, 2010 (D.E. 12); Defendant's Supplemental Motion to Set Aside Default and Motion to Dismiss, filed July 14, 2010 (D.E.15); Plaintiff's Motion for Court–Directed Alternative Service of Process, filed July 15, 2010 (D.E.16); Plaintiff's Motion for Enlargement of Time to Complete Substituted Service of Process, filed August 9, 2010 (D.E.32); and Defendant's Motion to Quash Substituted Service, filed August 9, 2010 (D.E.33).

THE COURT has considered the Motions and the pertinent portions of the record and is otherwise fully advised in the premises.

### Background

On April 29, 2010, Plaintiff, a Delaware corporation, filed this action against Defendant, a Honduran corporation, alleging, *inter alia,* trademark infringement, copyright infringement, unfair competition, breach of contract, tortious interference, conspiracy, and unjust enrichment. (D.E.1.) Plaintiff alleges that Defendant routinely transacts business in the United States and with individuals and entities based in Florida.

On June 24, 2010, Plaintiff filed a proof of service that indicates that a process server served Lic. Zuleyma Avelar, a person designated to accept service on behalf of Defendant, on May 25, 2010 (D.E.5). On July 1, 2010, Plaintiff moved for a Clerk's default against Defendant. (D.E.9.) The Clerk entered a default against Defendant on July 2, 2010. (D.E.10).

On July 9, 2010, Plaintiff moved for final default judgment. (D.E.12.) The next day, Defendant moved to set aside the Clerk's default and to dismiss the case for insufficient service of process and lack of personal jurisdiction (D.E. 13, 15 [1], the "Motion to

---

1. Defendant filed a Supplemental Motion to Dismiss on July 14, 2010 (D.E.15), which is the

Dismiss"). Soon thereafter, Plaintiff moved for Court–Directed Alternative Service of Process (D.E. 16, the "Alternative Process Motion"), arguing that the May 25th service was proper under Fed.R.Civ.P. 4(f)(2) of the Federal Rules of Civil Procedure but that the Court should authorize alternative service of process under Fed.R.Civ.P. 4(f)(3) out of an abundance of caution.

Plaintiff then sent a copy of its Summons and Complaint to the Florida Secretary of State ("SOS") for the purpose of serving Defendant via substituted service of process pursuant to Fla. Stat. § 48.161 and 48.181. (*See* D.E. 32 at 2.) On July 19, 2010, the Florida SOS accepted service on Defendant's behalf. (*Id.*) Plaintiff then mailed its Complaint, along with Florida's SOS stamped acceptance of service, to Defendant in Honduras via United State Postal Service International Registered Mail–Return Receipt Requested. (*Id.*) On August 9, 2010, Plaintiff moved for an enlargement of time to serve Defendant and to file an affidavit in support of substituted service of process pursuant to Fla. Stat. Fla. Stat. § 48.161 and 48.181.

### *Analysis*

**I. Motion for Final Default Judgment, Motion to Dismiss, and Motion for Alternative Service of Process.**

In its Supplemental Motion to Set Aside Default and Motion to Dismiss, Defendant argues that there is good cause to set aside the default entered against it because Plaintiff failed to properly effectuate service. Defendant also argues that the Court should dismiss the Complaint because there is insufficient service and because there is a lack of personal jurisdiction. In response, Plaintiff argues that its May 25, 2010 service of the Summons and Complaint on Lic. Zuleyma Avelar was sufficient under Fed.R.Civ.P. 4(f)(2), but, out of an abundance of caution, requests this Court to authorize alternative methods of service on Defendant under Fed. R.Civ.P. 4(f)(3). Plaintiff also argues that there is personal jurisdiction over Defendant

subject of this Order. Defendant's original motion to dismiss was denied as moot. (*See* D.E.

because it regularly transacts business in Florida. Because service of process is a threshold issue that remains unresolved, the Court declines to resolve the question of personal jurisdiction at this time.

Rule 4(h) of the Federal Rule of Civil Procedure (the "Rules") governs service of process on foreign defendants abroad. The rule states, in pertinent part, that service on a corporation shall be effectuated in a manner prescribed for service of a foreign individual under Rule 4(f), "except personal delivery under (f)(2)(C)(i)." Fed.R.Civ.P. 4(h)(2). Rule 4(f) provides, in pertinent part:

(f) Serving an Individual in a Foreign Country. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served at a place not within any judicial district of the United States:

(1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

(2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

(A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

(B) as the foreign authority directs in response to a letter rogatory or letter of request; or

(C) unless prohibited by the foreign country's law, by:

(i) delivering a copy of the summons and of the complaint to the individual personally; or

(ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

27.)

(3) by other means not prohibited by international agreement, as the court orders.

Fed.R.Civ.P. 4(f). Here, the parties agree that there are no "internationally agreed means" upon which to serve Defendant because Honduras is not party to the Hague Service Convention or a signatory to any other potentially relevant conventions. Thus, Rule 4(f)(2) and (f)(3) governs service of process on Defendant.

### A. Service of a Foreign Corporation under Rule 4(f)(2)

■ The Court finds that Plaintiff has not properly served Defendant under Rule 4(f)(2). Honduran law requires that the President of a corporation be served with the initial service of process and that alternative methods be used only after repeated, unsuccessful attempts to serve the President.[2] (D.E. 15 at 5.) Here, there is no record that Plaintiff served Defendant's President or that Plaintiff made any attempt to serve Defendant's President. To the contrary, Defendant's President filed an affidavit stating that he was never served and has no information as to who Lic. Zuleyma Avelar—the individual listed on Plaintiff's proffered return of service—may be. (D.E. 15–1 at 3.) Accordingly, Plaintiff has not served Defendant under Rule 4(f)(2)(A). And it is not argued that Plaintiff effectuated service under either Rule 4(f)(2)(B) or (f)(2)(C).[3]

Because Plaintiff did not properly serve Defendant, the Court finds that there is good cause to vacate the default entered against the Defendant and deny Plaintiff's Motion for Final Default Judgment. *See* Fed.R.Civ.P. 55(c) ("The court may set aside an entry of default for good cause...."); *Robinson v. Hogansville Police Dep't,* 159 Fed.Appx. 137, 139 (11th Cir.2005) (finding that the lower court did not abuse its discretion in setting aside a default because it did not have personal jurisdiction where there was not proper service); *Pardazi v. Cullman Med. Center,* 896 F.2d 1313, 1317 (11th Cir.1990) ("Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served.").

### B. Alternative Service Rule 4(f)(3)

Plaintiff has moved for leave to effect service of process under Rule 4(f)(3) upon Defendant via FedEx and by hand-delivery to Defendant's attorneys in the United States. (D.E.16). Rule 4(f)(3) allows this Court to authorize any particular method of service of its own choosing, so long as the order does not contradict any applicable international agreement. Fed.R.Civ.P. 4(f)(3). Defendant argues that the Court should not authorize Plaintiff's proposed alternative means of service because such service is offensive to the laws of Honduras.

■ The Court does not find that Plaintiff's proposed alternative methods offend Honduran law because such methods are not *expressly prohibited* by Honduran law. In this way, the instant case is very much different from the case upon which Defendant relies, *Prewitt Enters., Inc. v. Organization of Petroleum Exporting Countries,* 353 F.3d 916 (11th Cir.2003). In *Prewitt,* the Eleventh Circuit found that the lower court did not abuse its discretion in denying the plaintiff leave to serve the defendant in a manner that was expressly prohibited by Australian

---

**2.** Plaintiff submits the Affidavit of Nelson Tucker (D.E.31), CEO of Process Service Network, LLC, wherein Mr. Tucker states that his process server confirmed that the May 25th service on Lic. Zuleyma Avelar constitutes valid and effective service under Honduran law. However, the Court credits the evidence put forth by Defendant—an affidavit from an attorney licensed to practice law in Honduras with a law office in Honduras—that such service is not sufficient under Honduran law. (*See* Declaration of Tito Hernandez Slagado, D.E. 15–2.) The Court notes that, aside from the Mr. Tucker's affidavit as to what he was told by his process server, Plaintiff has not put forth any other evidence that its

service on Lic. Zuleyma Avelar is otherwise sufficient under Honduran law. Indeed, Plaintiff appears to *accept* Defendant's representation of Honduran law in its Reply brief for purposes of resolving the issue of whether alternative service under Rule 4(f)(3) is appropriate here. (*See* D.E. 35 at 9.)

**3.** Whether Defendant had actual notice of this suit is irrelevant to the question of whether Plaintiff substantially complied with Rule 4. *Prewitt Enters., Inc. v. Organization of Petroleum Exporting Countries,* 353 F.3d 916, 925 (11th Cir.2003).

law. 353 F.3d at 927. In contrast, Defendant here has not put forth any evidence that Honduran law *prohibits* the method of service that Plaintiff proposes; Defendant simply argues that such service is not expressly *authorized* under Honduran law. Accordingly, the Court finds *Prewitt* to be factually inapposite. *See Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1014 (9th Cir.2002) ("In fact, as long as court-directed and not prohibited by an international agreement, service of process ordered under Rule 4(f)(3) *may be accomplished in contravention of the laws of the foreign country.*") (emphasis added) (citing *Mayoral–Amy v. BHI Corp.,* 180 F.R.D. 456, 459 n. 4 (S.D.Fla.1998)); *see also* United State Dept. of State Circuit on Judicial Assistance in Honduras (D.E.16–2) (stating "non-compulsory service (not subpoenas) generally may be attempted by international registered mail, return receipt"). Moreover, the Court notes that Plaintiff's proposed methods have been accepted by other courts as acceptable means of service under Rule 4(f)(3). *See, e.g., Mainstream Media, EC v. v. Riven,* 2009 WL 2157641, *3 (N.D.Cal. July 17, 2009) (noting that the court had, in an earlier order, directed service via email, international mail, and Federal Express); *Marlabs, Inc. v. Jakher,* 2010 WL 1644041, *4 (D.N.J. Apr.22, 2010) (authorizing service under Rule 4(f)(3) through defendant's attorney); *Chanel, Inc. v. Zhixian,* 2010 WL 1740695, *3 (S.D.Fla. Apr.29, 2010) (authorizing service via email).

For the foregoing reasons, the Court grants Plaintiff's Motion for Court–Directed Alternative Service of Process.

## II. Motion for Enlargement of Time and Motion to Quash

 There are two pending motions relevant to Plaintiff's attempt to serve Defendant under Fla. Stat. § 48.181 through service of process on the Florida's SOC. First, Plaintiff seeks an enlargement of time to complete service on Defendant and file an affidavit in support of service under Fla. Stat. §§ 48.161, 48.181. Second, Defendant moves to quash Plaintiff's attempt of substituted service of process on the Florida SOC, under Fla. Stat. § 48.181, on the basis that Defendant is not amenable to such service because it is not engaging in business activity in Florida. The Court has authority to enlarge the time for filing the affidavit in support of substituted service under Fla. Stat. § 48.161, and, accordingly, the Court grants Plaintiff's Motion. Because service on Defendant has not been fully completed, the Court denies without prejudice Defendant's motion to quash as premature. Defendant may renew its motion if and when Plaintiff fulfills its procedural requirements under Florida law.

### *Conclusion*

Accordingly, it is hereby

ORDERED AND ADJUDGED that Plaintiff's Motion for Final Default Judgment (D.E.12) is DENIED. It is further

ORDERED AND ADJUDGED that Defendant's Supplemental Motion to Set Aside Default and Motion to Dismiss (D.E.15) is GRANTED IN PART AND DENIED IN PART: The default entered against Defendant is hereby VACATED, and Defendant's Motion to Dismiss is DENIED WITHOUT PREJUDICE.

ORDERED AND ADJUDGED that Plaintiff's Motion for Court–Directed Alternative Service of Process is GRANTED. Plaintiff may service Defendant with a copy of the Summons and Complaint by (1) sending copies to Defendant's President, Jean Francois de Peyrecave to Defendant's business location in Honduras via FedEx, and (2) hand-delivering copies to Defendant's Florida attorneys, Malloy and Malloy, P.A. Plaintiff SHALL file proof of completed service on or before November 5, 2010. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion for Enlargement of Time to Complete Substituted Service of Process is GRANTED. Plaintiff SHALL file proof of completed service on or before November 5, 2010. It is further

ORDERED AND ADJUDGED that Defendant's Motion to Quash Substituted Service (D.E.33) is DENIED WITHOUT PREJUDICE. It is further

DONE AND ORDERED.