**GLOBAL IMPEX, INC., Plaintiff,**

v.

**SPECIALTY FIBRES LLC, Defendant.**

**Civil Action No. 1:14–CV–2714–TCB.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Signed Jan. 22, 2015.

Eric J. Nathan, Philip H. Weener, Weener & Nathan LLP, Atlanta, GA, for Plaintiff.

### *ORDER*

TIMOTHY C. BATTEN, SR., District Judge.

Before the Court is Plaintiff Global Impex, Inc.'s motion to allow service of process by email and a request for fees associated with the motion [5].[1]

Plaintiff filed its complaint on August 21, 2014 and attempted on multiple occasions thereafter to effect service of process. On August 21, Plaintiff's counsel sent a copy of the complaint and a request for waiver of service of summons to Defendant's registered address via certified mail. Delivery of the package to the U.S. Postal Service in Alamo, California was confirmed, and Defendant was notified that the package was available for pick-up at any time. Defendant failed to ever retrieve the package. Plaintiff then retained the services of a private process server, who attempted to serve Defendant at the same registered address on multiple occasions.[2] Each of these attempts was unsuccessful.

Since this dispute arose in July 2014, Joseph Scherman, Defendant's principal representative, has engaged in continuous communications with Plaintiff regarding its demands for payment and its intention to file a lawsuit against his company. Scherman has exchanged multiple emails with Plaintiff's counsel, has made promises of prompt payment and his desire for an out-of-court settlement of the payment dispute, and he has acknowledged the existence of the present action. Plaintiff's private process server also spoke with Scherman's minor son and left multiple messages over the course of three months at Scherman's registered address, none of which resulted in any response.

It is clear that Defendant, through its representative Scherman, has knowledge of the dispute between the parties, is aware of the current lawsuit, and has continued to act in bad faith in failing to accept service of process. For these reasons, Plaintiff seeks the Court's permission to allow service of the complaint via email.

---

1. Plaintiff styles its motion as a "Motion to Declare Service Effective and Request for Attorney's Fees Associated with Plaintiff's Motion." But it does not appear that service has in fact been effected and the brief filed in support refers to Plaintiff's "Motion to Allow Service By Email." The Court thus interprets the motion as one to allow service by email, and as a request for associated attorney's fees.

2. Plaintiff's Affidavit of Non–Service, signed by process server J. Carson and notarized on November 19, 2014, reflects attempts to serve process on August 24, 25, 26, 28 and 31; October 11, 12 and 13; and November 1, 3, 5, 7, 11 and 15.[5–1] at 36.

 Under Rule 4(e)(1) of the Federal Rules of Civil Procedure, service may be effected by any means permitted by the law of the state in which the case is pending, or of the state where service is to be made. To comply with due process, the service of notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Defendant is a California limited liability company and is therefore subject to service of process by any means authorized by the California Code of Civil Procedure. Section 415.50 of the California Code authorizes substituted service in certain circumstances.

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that . . . :
>
> (1) A cause of action exists against the party upon whom service is to be made or he or she is a necessary or proper party to the action.

CAL. CIV. P. CODE § 415.50(a)(1).[3] And while the California Code does not explicitly authorize service by email, it does liberally allow for alternative means of service:

> Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of

such service be made as prescribed by the court.

CAL. CIV. P. CODE § 413.30.

 In determining whether a plaintiff has exercised "reasonable diligence" for purposes of section 415.50(a), a court must examine the affidavit required by the statute to see whether the plaintiff "took those steps a reasonable person who truly desired to give notice would have taken under the circumstances." *Donel, Inc. v. Badalian*, 87 Cal.App.3d 327, 333, 150 Cal. Rptr. 855 (1978). Plaintiff attempted service of process via certified U.S. mail. When this method proved ineffective, it engaged the services of a private process server, who has stated that he attempted on more than ten occasions to serve Defendant. Attempts were made on various days of the week, at assorted times of day. After these repeated attempts, the process server noted, "unable to serve, believe [Defendant is] actively evading." [5–1] at 36. Plaintiff also emailed Defendant on multiple occasions and offered to coordinate waiver of service. Plaintiff's affidavit outlining the course of events establishes that its attempts have been reasonable and diligent. *See Bein v. Brechtel–Jochim Grp.*, 6 Cal.App.4th 1387, 1390, 8 Cal. Rptr.2d 351 (1992) ("[T]wo or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made.").

 Plaintiff's complaint adequately alleges a cause of action against Defendant, and Plaintiff has offered evidence that it clearly exercised diligence in making all reasonable attempts to effect service of process. Thus, the Court need only satisfy itself that service of process via email will

---

**3.** The Court has reviewed Plaintiff's complaint and as required by California law, Plaintiff Global Impex, Inc. has submitted an affidavit showing that a cause of action exists against Defendant and that its allegations for damages are true and correct. [5–1] at 58.

 

be a reliable means of delivering the complaint and summons to Defendant, and that it is reasonably calculated, under all the circumstances, to give Defendant notice of the action and afford it an opportunity to present objections. *See Kohler Co. v. Domainjet,* No. 11–CV–1767–BEN MDD, 2012 WL 716883, at *2 (S.D.Cal. Mar. 5, 2012) (citing *Mullane,* 339 U.S. at 314, 70 S.Ct. 652 (1950)).

Other courts, particularly those interpreting California law as the Court does today, have accepted service via email as substituted service under Rule 4(e). *See Domainjet,* 2012 WL 716883; *United Health Servs., Inc. v. Meyer,* No. C 12–6197 CW, 2013 WL 843698 (N.D.Cal. Mar. 6, 2013); *Aevoe Corp. v. Pace,* No. C 11–3215 MEJ, 2011 WL 3904133 (N.D.Cal. Sept. 6, 2011); *Balsam v. Angeles Tech.,* No. C 06–04114 JF (HRL), 2007 WL 2070297 (N.D.Cal. July 17, 2007). It is clear that Defendant has access to and regularly relies on email correspondence to conduct business and to handle its affairs. Indeed, Defendant has been in regular communication with Plaintiff's attorneys, via email, using the following email address: joe@specialtyfibres.com.[4] Accordingly, service at such email address will be reasonably calculated to give actual notice to Defendant.

The Court therefore authorizes service via email in this case and instructs Plaintiff to serve Defendant with such process no later than January 26, 2015. Defendant shall have twenty-one days from the date of receipt of Plaintiff's email to file a responsive pleading with this Court.[5]

---

4. In support of its motion, Plaintiff has supplied the Court with copies of numerous emails sent between Plaintiff and Mr. Scherman, beginning as early as September 2014 and continuing with regularity through January 13, 2015.[5–1] at 30, 60.

5. Plaintiff also requests an award of costs associated with its repeated special attempts at service, including related attorney's fees. The Court will defer ruling on this request until such time as Defendant has indeed been served and has been afforded an opportunity to respond regarding its failure to waive service under Rule 4(d).