**TRACFONE WIRELESS, INC.,**
**a Delaware Corporation,**
**Plaintiff,**

v.

**Juan HERNANDEZ, Defendant.**

**Case Number: 15–23032–CIV–MARTINEZ–GOODMAN**

United States District Court,
S.D. Florida,
Miami Division.

Signed September 1, 2015

Filed September 2, 2015

James Blaker Baldinger, Carlton Fields PA, West Palm Beach, FL, Zachary Dean

Ludens, Aaron Stenzler Weiss, Carlton Fields Jorden Burt, P.A., Miami, FL, for Plaintiff.

### ORDER GRANTING TRACFONE'S MOTION FOR ORDER AUTHORIZING SERVICE OF PROCESS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)

JOSE E. MARTINEZ, UNITED STATES DISTRICT JUDGE

THIS CAUSE came before the Court upon TracFone's Motion for Order Authorizing Service of Process Pursuant to Federal Rule of Civil Procedure 4(f) (the "Motion") [ECF No. 7]. Plaintiff TracFone Wireless, Inc. ("TracFone") seeks the entry of an order, pursuant to Fed. R. Civ. P. 4(f), granting TracFone leave to effectuate service of process upon Defendant Juan Hernandez ("Hernandez") via FedEx at his last-known address in Belize and via email at the email address that he has used in connection with the conduct at the center of this case. After considering the Motion, reviewing the record evidence, and being otherwise fully advised, the Court grants TracFone's Motion, and more particularly finds as follows:

#### BACKGROUND

TracFone filed its Complaint [D.E. 1] against Hernandez in order to combat Hernandez's alleged unlawful business practices involving the unauthorized and unlawful acquisition and resale of TracFone Service, including violations of federal and state law (the "Airtime Theft Scheme"). *See* Declaration of TracFone's Fraud Investigation Manager, Kevin Wehling, executed July 21, 2015, at ¶¶ 45 ("Wehling Dec.") [ECF No. 7–1]. TracFone's investigation indicated that Hernandez is currently residing in Belize.

Accordingly, TracFone seeks an order permitting service of process to be made, pursuant to Fed. R. Civ. P. 4(f), upon Hernandez via FedEx in Belize at an ad-dress that he provided to TracFone in an employment application in 2010 and via email at the email address linked to the Airtime Theft Scheme. *See* Wehling Aff. ¶¶ 6, 8. TracFone submits that because the physical address that it possesses for Hernandez is now five years old, it requires an order permitting service of process to be made upon Hernandez both via FedEx and via email, pursuant to Fed. R. Civ. P. 4(f), so as to provide the Court the most certainty as to the delivery upon Hernandez. For the following reasons, the Court finds that entry of such an order is appropriate here.

Because Belize is a non-party member of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention") and service of process through international mail is allowed under Article 10(a) thereto, the Court finds that TracFone's request of service via FedEx complies with Fed. R. Civ. P. 4(f)(1). Next, as service of process via FedEx and email does not violate the Hague Convention, to which Belize has acceded, the Court finds that TracFone's requested method of service complies with Fed. R. Civ. P. 4(f)(2). Finally, as service of the Complaint and Summons via FedEx and email is reasonably calculated to give notice to Hernandez, as stated more particularly herein, and is not prohibited by Belize law, the Court finds that this method satisfies Fed. R. Civ. P. 4(f)(3).

#### FINDINGS

To begin, the Court notes that Fed. R. Civ. P. 4(f) provides three methods for serving an individual in a foreign country: (1) by internationally agreed means, such as those authorized by the Hague Convention on Service of Process; (2) by a method that is reasonably calculated to give notice; or (3) by other means committed to a court's discretion that are not prohibited by international agreement. This Order is permitted under the Federal Rules of Civil

Procedure and is consistent with decisions from several federal courts, including this District. *See TracFone Wireless, Inc. v. Distelec Distribuciones Electronicas, S.A. de DV*, 268 F.R.D. 687, 690–91 (S.D.Fla. 2010) (allowing service of process internationally via FedEx); *Chanel, Inc. v. Zhixian*, No. 10–CV–60585, 2010 WL 1740695, at *2–3 (S.D.Fla. Apr. 29, 2010) (allowing service via email); *Americatel El Salvador, S.A. de C.V. v. Compania de Telecomunicaciones de El Salvador, S.A. de C.V.*, No. 07–21940–CIV, 2008 WL 1805476, at *3 (S.D.Fla. Apr. 20, 2008) (allowing hand delivery in El Salvador).

■ Where, as here, there are multiple independent bases for international service under Fed. R. Civ. P. 4, the Court may use its discretion to decide the proper basis for the chosen method of international service. Service pursuant to Fed. R. Civ. P. 4(f) does not include a hierarchy of methods of service, such that Fed. R. Civ. P. 4(f)(3) is equally acceptable to service under Fed. R. Civ. P. 4(f)'s other subsections, and it includes "no qualifiers or limitations which indicate its availability only after attempting service of process by other means." *Brookshire Bros., Ltd. v. Chiquita Brands Intern., Inc.*, No. 05–CIV–21962, 2007 WL 1577771, at *2 (S.D.Fla. May 31, 2007) (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir.2002); *see Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed.Cir. 2010) ("Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing.") (quoting *Rio Properties*, 284 at 1015,) (internal quotations omitted); *see also Swarna v. Al–Awadi*,

No. 06 Civ. 4880(PKC), 2007 WL 2815605, at *1–2 (S.D.N.Y. September 20, 2007) ("[t]here is nothing in the text of the rule which contains a hierarchy of service methods as between Rule 4(f)(2) and Rule 4(f)(3).").

The Court finds that the facts and circumstances of this case warrant service of process on Hernandez via FedEx and email given that (i) service of process via FedEx to Hernandez in Belize is an efficient and effective way to provide Hernandez with notice of this action; (ii) international mail and email service do not violate Belize law nor the Hague Convention, of which Belize is a non-member state; and (iii) the Court finds that service via email is reasonably calculated to reach Hernandez, as the same email address is being actively used in furtherance of the alleged Airtime Theft Scheme. *See* Wehling Aff. ¶ 8.

Accordingly, and pursuant to Fed. R. Civ. P. 4(f), the Court finds that service of process via FedEx to Hernandez's last known address in Belize and via email to email addresses linked to the activities alleged in TracFone's Complaint constitutes an efficient and effective means of service and is hereby permitted.

**A. Service Pursuant to Fed. R. Civ. P. 4(f)(1)**

■ TracFone also requests an Order granting it leave to effectuate service on Hernandez pursuant to Fed. R. Civ.P. 4(f)(1). On September 8, 2009, Belize acceded to the Hague Convention with it entering into force in Belize on May 1, 2010.[1] This means that Belize is a non-member party to the Hague Convention.[2]

---

1. *See Hague Conference on Private International Law*, 14: Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters: Non–Member States of the Organisation.

2. It appears that this district has only considered whether Belize was a member to the Hague Convention once. In 1998, Judge James Lawrence King examined the issue of Belize's status vis-à-vis the Hague Convention in *Mayoral–Amy v. BHI Corp.*, 180 F.R.D. 456, 459 (S.D.Fla.1998), and noted that, as of that

The Hague Convention provides that the "Convention shall not interfere with—(a) the freedom to send judicial documents, by postal channels, directly to persons abroad," provided that the destination country does not object. The Court finds that Belize signed on to the Hague Convention with no objection to this particular provision, making service via postal channels a valid method of service in Belize under the Hague Convention.

Under Fed. R. Civ. P. 4(f)(1), the Supreme Court has held that service of process may be made abroad pursuant to the provisions of the Hague Convention provided that the destination country is a signatory. *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 705, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988). As this Court found in *TracFone Wireless, Inc. v. Sunstrike Intern., Ltd.*, 273 F.R.D. 697, 699 (S.D.Fla.2011) (Martinez, J.), provided the destination country does not object, service to individuals abroad can be made via postal channel (such as FedEx) under Fed. R. Civ. P. 4(f)(1). *See also Barriere v. Juluca*, No. 12–23510–CIV, 2014 WL 652831, at *2–3 (S.D.Fla. Feb. 19, 2014) (Moreno, J.); *Forth v. Carnival Corporation*, No. 12–23770–CIV, 2013 WL 1840373 (S.D.Fla. May 1, 2013) (Seitz, J.); *TracFone Wireless, Inc. v. Unlimited PCS, Inc.*, 279 F.R.D. 626, 630–31 (S.D.Fla.2012) (Ungaro, J.); *TracFone Wireless, Inc. v. Bequator Corp., Ltd.*, 717 F.Supp.2d 1307, 1309 (S.D.Fla.2010) (Hoeveler, J.); *Lestrade v. United States*, 945 F.Supp. 1557, 1558–59 (S.D.Fla.1996) (Hoeveler, J.); *see also TracFone v. Does*, No. 11–cv–21871–MGC, 2011 WL 4711458, at *2 (S.D.Fla. Oct. 4, 2011) (Turnoff, J.)

(applying Fed. R. Civ. P. 45 through Article 10(a)).

This Court's opinion in *TracFone Wireless, Inc. v. Sunstrike Intern., Ltd.*, and the other opinions on this issue from judges in this district, are consistent with opinions from numerous other district courts in the Eleventh Circuit that have found that Article 10(a) of the Hague Service Convention permits service by mail absent an objection by the destination country. *See Julien v. Williams*, No. 8:10–cv–2358–T–24 TBM, 2010 WL 5174535, at *2 (M.D.Fla. Dec. 15, 2010) (authorizing service by mail); *Conax Fla. Corp. v. Astrium Ltd.*, 499 F.Supp.2d 1287, 1293 (M.D.Fla.2007) (same); *Schiffer v. Mazda Motor Corp.*, 192 F.R.D. 335, 338 (N.D.Ga.2000) (same); *Coblentz GMC/Freightliner, Inc. v. Gen. Motors Corp.*, 724 F.Supp. 1364, 1372–73 (M.D.Ala. 1989) (same).

While the Eleventh Circuit has not addressed this issue, four of the six federal circuits to have done so have agree that service by mail is indeed permissible under the Hague Convention. In the first appellate decision to consider the issue, *Ackermann v. Levine*, 788 F.2d 830, 839–40 (2d Cir.1986), the Second Circuit concluded that the word "send" was intended to mean "service." In a more detailed opinion nearly two decades later, the Ninth Circuit agreed in *Brockmeyer v. May*, 383 F.3d 798, 802 (9th Cir.2004). In *Brockmeyer*, the Ninth Circuit considered the purpose of the Hague Convention and concluded that the word "send" in Article 10(a) includes service of process. *Brockmeyer*, 383 F.3d at 802. The *Brockmeyer* Court relied upon commentaries on the

time, "Belize's status ... as a party to the Hague Service Convention [was] uncertain" as it was a former British Colony that had been covered by the Convention prior to its independence but had not become a signato-

ry. Belize's 2009 ascension to the Convention, which became effective on May 1, 2010, clarified the uncertainty that Judge King raised in 1998.

history of the negotiations leading to the Hague Convention and a letter written by the Department of State disagreeing with contrary authority. The Fourth and Seventh Circuits have also agreed with the proposition that Article 10(a) includes service by postal channel. *See Research Systems Corp. v. IPSOS Publicite,* 276 F.3d 914, 926 (7th Cir.2002), *cert. denied,* 537 U.S. 878, 123 S.Ct. 78, 154 L.Ed.2d 133; *Koehler v. Dodwell,* 152 F.3d 304, 307–08 (4th Cir.1998).[3]

The Court is mindful that, while limited, there is contrary authority on this issue in this district. Specifically, in *Intelsat Corp. v. Multivision TV LLC,* 736 F.Supp.2d 1334, 1342–4–3 (S.D.Fla.2010) (Altonaga, J.) and in *Arco Elecs. Control Ltd. v. Core Intern.,* 794 F.Supp. 1144, 1147 (S.D.Fla. 1992) (Roettger, J.) the courts found that since the Hague Convention used "serve" in multiple places and "send" in Article 10(a), the drafters did so intentionally and did not intend to include service. However, this contrary authority is directly at odds with the official position of the U.S. Department of State and subsequent decisions from this district.

Specifically, the Court considers a letter included in the Motion by TracFone which was submitted on March 14, 1990, by Alan J. Kreczko (the "Kreczko Letter"). The then-incumbent legal advisor to the Department of State drafted this letter to the National Center for State Courts, criticizing the decision in *Bankston* where the Eighth Circuit compared the use of the word "send" in Article 10(a) to the use of the words "serve" or "service" throughout the rest of the Hague Convention and concluded that the difference was intentional. The Kreczko Letter asserts that the Department of State's official position

was that the *Bankston* decision was incorrect.

The Court notes in particular that the Kreczko Letter was not presented to the courts that decided *Intelsat Corp.,* and *Arco Electronics Control Ltd.*; nor was it presented to the Fifth Circuit when it issued *Nuovo Pignone, SpA,* 310 F.3d at 383—the only post-Kreczko Letter federal appellate court opinion to the contrary. In contrast, this important—and potentially scale tipping—piece of information was presented to this Court in *Sunstrike,* 273 F.R.D. at 699; to Judge Hoeveler in *Bequator,* 717 F.Supp.2d at 1309; and, most recently, to Judge Moreno in *Barriere,* 2014 WL 652831, at *2–3, which perhaps explains the differing conclusions between the different divisions of this district. Specifically, Judge Moreno found that:

> State Department opinions are given 'great weight' in construing treaties. *See Sumitomo Shoji America, Inc. v. Avagliano,* 457 U.S. 176, 184–85, 102 S.Ct. 2374, 72 L.Ed.2d 765 (1982). Thus, where the issue is split, as in this district, the Kreczko letter gains additional importance. *TracFone Wireless, Inc. v. Unlimited PCS Inc.,* 279 F.R.D. at 630. The Court finds that the best practice is to determine that service by postal channels is permissible under article 10(a) of the Hague Convention.

*Barriere,* 2014 WL 652831, at *2–3. This Court finds that Judge Moreno's position in *Barriere* is sound and reasoned.

This Court finds additional support for Judge Moreno's position in *Barriere,* 2014 WL 652831, at *2–3, in decisions from other district courts throughout the country. For instance, in *Sibley v. Alcan, Inc.,* 400 F.Supp.2d 1051, 1054 (N.D.Ohio 2005), the court considered decisions to the con-

**3.** The conflicting circuit decisions are *Nuovo Pignone, SpA v. Storman Asia M/V,* 310 F.3d 374, 383 (5th Cir.2002) (finding that mail is not available under 10(a)) and *Bankston v. Toyota Motor Corp.,* 889 F.2d 172, 174 (8th Cir.1989) (same).

trary and found that "interpreting the word 'send' as narrowly as do those courts finding it does not encompass service of process would be contrary to the drafter's intent." Likewise, in *Mitchell v. Theriault*, 516 F.Supp.2d 450, 455 (M.D.Pa. 2007), the court found cases that considered the Krezcko Letter in reading *Bankston*, 889 F.2d at 174, were better informed that "international opinion views Article 10(a) as permitting service of process by mail, which undercuts the inferences that the Eighth Circuit drew from Japan's failure to object to Article 10(a)." This view is sound, and it is one that the Court accepts as proper.

In the Kreczko Letter, the Court finds that the U.S. Department of State concluded that permitting service by mail would spare plaintiffs in the United States time and expense. Kreczko, on behalf of the Department of State, asked the Center to distribute his letter to the state courts. The Court finds that the Kreczko Letter is particularly significant because of the long-standing proposition that the views of the U.S. Department of State, as part of the executive branch, should be given special weight in construing the treaties that our country has entered into. *See. e.g., Sumitomo Shoji Am., Inc.*, 457 U.S. at 184–85, 102 S.Ct. 2374; *Bush v. United States (The Yulu)*,71 F.2d 635, 636 (5th Cir. 1934);[4] *see also* 1 Restatement (Third) of the Foreign Relations Law of the United States § 112 cmt. c, at 59 (1987). Further, the Court concludes that the position of the Second, Fourth, Seventh, and Ninth Circuits better harmonize with the constitutional balancing of powers necessary in questions such as this than the position of the Fifth and Eighth Circuits, which did not consider the State Department's stance.

The Court finds that Belize does not object to Article 10(a) and, hence, permits service by international mail. Therefore, pursuant to Fed. R. Civ. P. 4(f)(1) and the Hague Convention, the Court enters this Order authorizing TracFone to serve Hernandez with a copy of the Complaint and Summons via FedEx.

**B. Service Pursuant to Fed. R. Civ. P. 4(f)(2)**

█ In addition to FedEx delivery being permitted under Fed. R. Civ. P. 4(f)(1), the Court grants TracFone leave to effect service on Hernandez via FedEx, as allowed by Fed. R. Civ. P. 4(f)(2). Specifically, Fed. R. Civ. P. 4(f)(2) provides, in pertinent part, that if not prohibited by federal law or the foreign country's law, service may be made "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." As more specifically set out above, the Court finds that Belize does not object to service via FedEx under Article 10(a) of the Hague Convention. Because Belize has acceded to the Hague Convention and does not object to the application of Article 10(a) thereof, the Court concludes that service in compliance with the Hague Convention does not contravene Belize law.

Accordingly, the Court directs the Clerk of Court to dispatch a copy of the Summons and Complaint via FedEx directed to Hernandez. Such service comports with due process. *See Bequator*, 717 F.Supp.2d at 1310; *Mainstream Media, EC v. Riven*, No. C 08–3623 PJH, 2009 WL 2157641, at *3 (N.D.Cal. July 17, 2009) (noting that service via email and FedEx comported with due process); *Ehrenfeld v. Salima Bin Mahfouz*, No. 04 Civ. 9641(RCC), 2005

---

4. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding prece-

dent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005) (service via FedEx comported with due process); *Broadfoot v. Diaz*, 245 B.R. 713, 719–20 (Bankr.N.D.Ga.2000) (service via mail and email comported with due process).

The Court holds, however, that, pursuant to Fed. R. Civ.P. 4(f)(2), a judicial officer must initiate the service. Accordingly, TracFone is to deliver the required documents[5] to the Clerk's Office so that the Clerk can carry out this Order.

### C. *Service Pursuant to Fed. R. Civ. P. 4(f)(3)*

■ Next, the Court finds it proper to permit TracFone to serve Hernandez via FedEx and email pursuant to Fed. R. Civ. P. 4(f)(3). Federal Rule of Civil Procedure 4(f)(3) provides for service to be made "by other means not prohibited by international agreement." *See also Prewitt Enters., Inc. v. OPEC*, 353 F.3d 916, 921–27 (11th Cir.2003).[6] Under Fed. R. Civ. P. 4(f)(3), "courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Rio Properties*, 284 F.3d at 1016. Specifically, in *Rio Properties*, the Ninth Circuit held that the district court properly found that alternative service via international courier and via email was constitutionally acceptable. *Id.* at 1016–17. The Ninth Circuit confirmed that the "Constitution does not require any

particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond." *Id.* at 1017; *Chanel, Inc. v. Lin*, No. 08–23490–CIV, 2009 WL 1034627, at *2 (S.D.Fla. Apr. 16, 2009) (service under Fed. R. Civ. P 4(f) should be calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.") (citing *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

■ The Court examines three factors in determining whether to exercise its discretion and permit alternative service of process. First, the Court must be satisfied that the proposed method of service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Chanel, Inc.*, 2009 WL 1034627, at *2 (citing *Mullane*, 339 U.S. at 314, 70 S.Ct. 652 (1950)). Second, the Court must determine if the proposed method of service "minimizes offense to foreign law." *Prewitt Enters., Inc.*, 353 F.3d at 927 (citing Advisory Committee Notes to Fed. R. Civ. P. 4(f)). Third, the Court must determine if the facts and circumstances warrant exercise of its discretion under Fed. R. Civ. P. 4(f). *Brookshire Bros., Ltd.*, 2007 WL 1577771, at *2. In granting TracFone's Motion, the Court finds in

---

5. To reduce the burden on the Court, TracFone is to provide the Clerk with the requisite pre-paid and pre-addressed envelopes to carry out the relief requested by TracFone at TracFone's expense.

6. The Court notes that compliance with the Hague Convention is mandatory in all cases in which it applies. *See, e.g., Volkswagenwerk AG*, 486 U.S. at 705, 108 S.Ct. 2104; *Mayoral–Amy v. BHI Corp.*, 180 F.R.D. 456, 459 n. 4 (S.D.Fla.1998) (noting that a district court

may not order Fed. R. Civ. P. 4(f)(3) alternative service of process in violation of the principles of the Hague Convention). Here, the Hague Convention and Fed. R. Civ. P. 4(f)(3) can be reconciled—therefore allowing service by FedEx and email to Hernandez in Belize. This is because this manner of service is not *expressly* prohibited under Belize law *and* because Belize does not object to Article 10(a) of the Hague Convention, as more particularly set out throughout this Motion.

TracFone's favor in regards to all three factors.

With regards to the first factor, TracFone is seeking to utilize two methods of notification to Hernandez—both FedEx delivery and email delivery. Where, as here, a defendant is known to utilize the email address, courts of this circuit have found that email delivery is appropriate under the circumstances. *See, e.g., Global Impex, Inc. v. Specialty Fibres LLC*, 77 F.Supp.3d 1268, 1271 (N.D.Ga.2015) (accepting email service where it was "clear that Defendant ha[d] access to and regularly relie[d] on email correspondence to conduct business and to handle its affairs"). The Court finds service via FedEx and email reasonably calculated to reach Hernandez in this case where it is apparent that he is utilizing the email address.

Regarding the second factor, this district has confirmed that a proposed alternative method of service of process is not offensive to the forum's law if such method is not "expressly prohibited" by the forum's law. *TracFone v. Distelec*, 268 F.R.D. at 690–91 (finding that the proposed alternative methods of service did not "offend Honduran law because such methods [were] not expressly prohibited by Honduran law). The Court finds that there is nothing in Belize law that expressly prohibits the alternative method of service proposed here. In fact, as discussed further in the preceding sections, service via FedEx is actually in compliance with Belize law through Article 10(a) of the Hague Convention.

The Court is also satisfied that the proposed method of service "minimizes offense" to Belize law. Under the laws of Belize "[s]ervice of summons shall be made by leaving it with a copy of the complaint annexed thereto, with the defendant personally, or with some adult person at his residence or most usual place of abode or at his place of business and explaining to that person the nature and purport thereof." Ch. 97, Belize District Court Procedure Act. In fact, if there is evidence that the defendant takes measures to avoid service of summons, or that he departed from Belize to evade liabilities, then "service shall be made by affixing the summons with a copy of the complaint, on one of the doors of the defendant's residence or of his last or most usual place of abode or place of business." *Id.* In such an instance as this, the Court finds that service by FedEx does not offend Belize law.

Accordingly, TracFone's proposed method of service is consistent with the primary purpose of the Belize service method—to ensure that a defendant has notice of a legal action pending against him. This is the test required under *Mullane*, and TracFone has established that service via both FedEx and email is reasonably calculated to reach Hernandez. For these reasons, the Court finds that it is proper to exercise its discretion under Fed. R. Civ. P. 4(f)(3) and allow service of process to be effectuated via FedEx and email.

### D. *Proof of Service Pursuant to Fed. R. Civ. P. 4(1)(d)(B)*

Finally, the Court permits TracFone to file a copy of the FedEx "proof of signature" (or substantially equivalent document) as proof that service has been effectuated pursuant to Fed. R. Civ. P. 4(f)(2)(B), which provides that when service is made that pursuant to Fed. R. Civ. P. 4(f)(2) or 4(f)(3), service may be proved "by a receipt signed by the addressee, or by other evidence satisfying the court that summons and complaint were delivered to the address." Fed. R. Civ. P. 4(1)(2)(B). *See Bequator*, 717 F.Supp.2d at 1310. If FedEx service is not effectuated, the Court grants TracFone permission to file a delivery receipt on Hernandez's email address under Fed. R. Civ. P. 4(1)(2)(B),

*CONCLUSION*

For the reasons stated herein, it is **ORDERED** and **ADJUDGED,** pursuant to Fed. R. Civ. P. 4(f) that:

1. TracFone's Motion for Order Authorizing Service of Process Pursuant to Federal Rule of Civil Procedure 4(f) [ECF No. 7] is **GRANTED** as set forth herein.

2. The Clerk is to dispatch a copy of the Summons, Complaint, and Order via international FedEx for service upon Hernandez pursuant to Fed. R. Civ. P. 4(f)(2).

3. TracFone is to provide additional alternative service to Hernandez via email pursuant to Fed. R. Civ. P. 4(f)(3).

4. TracFone may file a copy of the FedEx "proof of signature" as proof, pursuant to Fed. R. Civ. P. 4(1)(2)(B), that service has been effectuated on Hernandez pursuant to this Order.

5. In the alternative, TracFone may file an email delivery receipt if FedEx service is not effectuated.

DONE AND ORDERED.