**TRACFONE WIRELESS, INC.,**
a Delaware Corporation,
Plaintiff,

v.

**BEQUATOR CORPORATION, LTD.,** a
foreign corporation, Defendant.

**Case No.: 10–cv–21462 (WMH).**

United States District Court,
S.D. Florida.

June 11, 2010.

James Blaker Baldinger, Carlton Fields PA, West Palm Beach, FL, Steven Jeffrey Brodie, Aaron Stenzler Weiss, Carlton & Fields PA, Miami, FL, for Plaintiff.

**AMENDED ORDER GRANTING PLAINTIFF'S MOTION FOR ORDER DIRECTING SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(f)(1) AND 4(f)(2)(C)(ii)**

WILLIAM M. HOEVLER, District Judge.

This cause having come before the Court on the Motion of Plaintiff, TracFone Wireless, Inc. ("TracFone" or "Plaintiff") for entry of an order (1) pursuant to Fed. R.Civ.P. 4(f)(1) directing the Clerk's office to request service under the Hague Service Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention") of the Complaint and Summons on Defendant Bequator Corporation, Ltd., a foreign corporation ("Bequator" or "Defendant"); and, (2) pursuant to Fed.R.Civ.P. 4(f)(2)(C)(ii) directing the Clerk's office to dispatch a copy of the Complaint, Summons, and Order via United States international express mail and via FedEx for service upon Bequator.[1]

### Service Pursuant to Fed.R.Civ.P. 4(f)(1)

TracFone's Motion states that although Bequator has been engaged in ongoing unlawful business enterprises with respect to TracFone phones in the United States since at least 2006, it does not appear that Bequator has not appointed specifically appointed a registered agent for service of process in Florida, or in any other state. *See* Weiss Aff. at ¶¶ 3–5. TracFone thus filed their Motion, requesting the Court's assistance to effect service on Bequator. Specifically, TracFone requested entry of an Order directing the Clerk's office to request service, pursuant to FED.R.CIV.P. 4(f)(1) and the Hague Service Convention, of the Complaint and Summons on Bequator.[2]

1. This Order amends the Court's Order dated June 4, 2010 (DE 6), which contained two minor scrivener's errors.

2. The Court also takes note of the fact The Hague Convention status page for Hong Kong indicates that Hong Kong's Central Authority (the Chief Secretary for Administration), indicates that the request for service of process must come from "Judicial officers, officials or other competent persons." TracFone indicates that it is also sending a request for service from its counsel, as another "competent person."

■ The Court accepts TracFone's proffer that Bequator has not appointed a registered agent for service of process in Florida, or in any other state. Accordingly, this Court hereby directs the Clerk's office to request that the Hong Kong Central Authority effect service of the Complaint and Summons on Bequator, pursuant to FED.R.CIV.P. 4(f)(1) and the Hague Service Convention. TracFone shall deliver the required documents to the Clerk's office within five (5) days of entry of this Order so that the Clerk can comply with the Order. TracFone will ensure that the Clerk has the requisite pre-paid and pre-addressed envelopes to carry out the requirements of this Order.

***Service Pursuant to Fed.R.Civ.P. 4(f)(2)(C)(ii)***

■ In addition to attempting service through the Hong Kong Central Authority, TracFone also seeks to attempt to effect service pursuant to FED.R.CIV.P. 4(f)(2)(C)(ii), which requires that the mailing be "addressed and dispatched by the Clerk of the Court." Specifically, FED.R.CIV.P. 4(f)(2)(C)(ii) provides, in pertinent part, that if not prohibited, "service upon an individual from whom a waiver has not been obtained and filed, may be effected in a place not within any judicial district of the United States: ... by (ii) using any form of mail that the clerk addresses and send to the individual and that requires a signed receipt." FED.R.CIV.P. 4(f)(2)(C)(ii). Thus, in addition to service through the Central Authority of each country, "Article 10(a) [of the Hague Service Convention] provides that, if the State of destination does not object, the Hague Convention does not change the freedom to send judicial documents, by postal channels, directly to persons abroad." *Curcuruto v. Che-*

*shire,* 864 F.Supp. 1410, 1411 (S.D.Ga. 1994).

■ As indicated by the Court's review of Hong Kong's position with respect to particular articles of the Hague Service Convention, a copy of which was attached to the Motion, with respect to Article 10(a), Hong Kong has "no objection." The Court thus finds that Hong Kong *does not object* to judicial documents being sent by postal channels pursuant to Article 10(a).

The Court further notes that many federal circuit courts and district courts, including several district courts within the Eleventh Circuit have held that Article "10(a) permits service by mail unless the country has objected to this method." *Curcuruto v. Cheshire,* 864 F.Supp. at 1411; *Lestrade v. U.S.,* 945 F.Supp. 1557 (S.D.Fla.1996) (service of IRS petition by mail satisfied Hague Service Convention); *Conax Florida Corp. v. Astrium Ltd.* 499 F.Supp.2d 1287, 1293 (M.D.Fla.2007) (authorizing service by mail upon finding that "Article 10(a) is applicable to service of process."); *Brockmeyer v. May,* 383 F.3d 798, 802 (9th Cir.2004) (Article 10(a) does include service of process by mail, reasoning that "send judicial documents" encompasses "service of process," and that such method is "consistent with the purpose of the Convention to facilitate international service of judicial documents."); *Patty v. Toyota Motor Corp.,* 777 F.Supp. 956 (N.D.Ga.1991); *Chrysler Corp. v. General Motors Corp.,* 589 F.Supp. 1182 (D.D.C. 1984); *Borschow Hosp. and Medical Supplies, Inc. v. Burdick–Siemens Corp.,* 143 F.R.D. 472 (D.P.R.1992); *Robins v. Max Mara, U.S.A., Inc.,* 923 F.Supp. 460, 469 (S.D.N.Y.1996); *Ackermann v. Levine,* 788 F.2d 830, 838–40 (2nd Cir.1986) *Research Systems Corp. v. IPSOS Publicite,* 276 F.3d 914, 926 (7th Cir.2002), *cert. denied,* 537 U.S. 878, 123 S.Ct. 78, 154 L.Ed.2d 133 (2002).[3]

---

**3.** *But see Nuovo Pignone, SpA v. STORMAN ASIA M/V,* 310 F.3d 374, 384 (5th Cir.2002); *Bankston v. Toyota Motor Corp.,* 889 F.2d 172, 174 (8th Cir.1989).

In the Motion, TracFone also requests, that, in addition to international express mail, that the Clerk of the Court dispatch a copy of the Summons and Complaint via FedEx directed to Bequator's President, General Manager, or other executive officer at its headquarters. Service by such means has been permitted by several federal other courts. *See Ehrenfeld v. Salim a Bin Mahfouz*, 2005 WL 696769, *3 (S.D.N.Y., March 23, 2005) (approving service by certified mail or FedEx); *Mainstream Media, EC v. Riven*, 2009 WL 2157641 *3 (N.D.Cal., July 17, 2009) (noting that previously the "court granted [Plaintiff's] motion for alternative service on [Defendant] pursuant to Federal Rule of Civil Procedure 4(f)(3), directing that the prior delivery of service documents by [Plaintiff] to [Defendant] via e-mail, international mail, and international courier (Federal Express) was effective service of process."); *Broadfoot v. Diaz (In re Int'l Telemedia Assoc.)*, 245 B.R. 713, 719–20 (Bankr.N.D.Ga.2000) (authorizing service via facsimile, ordinary mail, and email); *Jenkins v. Pooke*, 2009 WL 412987 *2–3 (N.D.Cal., Feb. 17, 2009) (directing that service be effectuated via electronic mail, international mail, and international courier).

The Court thus finds that serving Bequator with a copy of the Summons and Complaint sent via international express mail and via FedEx directed to its President, General Manager, or other executive officer at its headquarters, is permissible pursuant to FED.R.CIV.P. 4(f)(2)(C)(ii).

The Court further orders that, pursuant to FED.R.CIV.P. 12(a)(1)(A), Bequator's Answer to TracFone's Complaint shall be due twenty-one days after receipt of the copy of the Summons and Complaint, to be sent via United States postal service international express mail and via FedEx and directed to directed to it's President, General Manager, or other executive officer at

Bequator's business location in Honduras. *See SCRA Corp. v. Trajes Internacionales de Costa Rica, S.A.*, 1999 WL 718650 *1–3 (E.D.Pa., August 30, 1999) (noting that the time periods for responding to a complaint set-forth in FED.R.CIV.P. 12(a)(1)(A) apply to a defendant served abroad).

The Court further finds that TracFone may file a copy of the FedEx "proof of signature" (or substantially equivalent document) as proof that service has been effectuated pursuant to FED.R.CIV.P. 4(*l*)(2)(B), which provides that when service is made that pursuant to FED.R.CIV.P. 4(f)(2), service may be proved "by a receipt signed by the addressee, or by other evidence satisfying the court that summons and complaint were delivered to the address." FED.R.CIV.P. 4(*l*)(2)(B).

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion is **GRANTED.** The Court hereby **ORDERS** that

(a) The Court's Order dated June 4, 2010 is hereby Vacated.

(b) Pursuant to FED.R.CIV.P. 4(f)(1) and the Hague Service Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, the Clerk of this Court shall deliver, via international express mail, two copies of: (1) TracFone's Complaint; (2) Summons to Bequator Corporation, Ltd.; (3) Civil Cover Sheet; (4) USM–94, "Request for Service Abroad of Judicial or Extrajudicial Documents," which is to be executed by the Clerk; (5) Summary of the Document to be Served; (6) Order Regarding Service on Bequator Corporation, Ltd. ("Order"); and (7) Affidavit of Aaron S. Weiss ("Affidavit"); to the Chief Secretary of Administration of Hong Kong Special Administrative Region, Central Government Offices, Lower Albert Road, Hong Kong for service upon Bequator Corporation, Ltd. at 19th Floor, Suite B Wing, Yee

Commercial Building, 3–7 Wing Kut Street, Central Hong Kong.

(c) Pursuant to Fed.R.Civ.P. 4(f)(2)(C)(ii), the Clerk of this Court shall serve Defendant Bequator Corporation, Ltd., by sending via United States postal service international express mail, return receipt requested and also via FedEx one copy of: (1) TracFone's Complaint; (2) Summons to Defendant Bequator Corporation, Ltd.; (3) Civil Cover Sheet; (d) Order; and (e) Affidavit, along with a cover letter provided by Plaintiff; to Bequator Corporation, Ltd., 19th Floor, Suite B Wing, Yee Commercial Building, 3–7 Wing Kut Street, Central Hong Kong.

(d) TracFone may file a copy of the FedEx "proof of signature" (or substantially equivalent document) as proof, pursuant to FED.R.CIV.P. 4(l)(2)(B), that service has been effectuated on Bequator Corporation, Ltd., pursuant to this Court ordered-alternate method of service under FED.R.CIV.P. 4(f)(2);

(e) Pursuant to FED.R.CIV.P. 12(a)(1)(A), Bequator's response to the Complaint shall be due twenty-one (21) days after receipt of copy of the Summons and Complaint.

(f) TracFone shall ensure that the Clerk has the requisite pre-paid and pre-addressed international express mail and FedEx envelopes to carry out the requirements of this Order.