**TRACFONE WIRELESS, INC., Plaintiff,**

v.

**TRUNG TRUC, et al., Defendants.**

**No. 11–cv–21871–SCOLA.**

United States District Court,
S.D. Florida.

April 9, 2012.

Aaron Stenzler Weiss, Carlton Fields, Miami, FL, for Plaintiff.

Lauren A. Myers, Broad and Cassel, Miami, FL, for Defendants.

### ORDER OF DEFAULT FINAL JUDGMENT AND PERMANENT INJUNCTION

ROBERT N. SCOLA, JR., District Judge.

THIS MATTER is before the Court on Plaintiff TracFone Wireless, Inc.'s ("TracFone's") Motion for Entry of Default Final Judgment and Permanent Injunction against Defendant Tran Nguyen Trung Truc a/k/a Mr. UFO ("Truc," ECF No. 41).

## I. TRACFONE'S MOTION

In support of its motion TracFone relies on: (1) the declaration of Ovidio Mejia, Associate Vice President of Fraud and Loss Prevention, which discusses Truc's conduct and the harm it has caused TracFone—including economic harm; (2) the declaration of Aaron S. Weiss, TracFone's primary attorney in this matter, which discusses TracFone's service of process on Truc, in accordance with this Court's order on service of process (ECF No. 19), as well as his communications with Truc about this lawsuit; (3) transcripts of depositions of Deborah Fay, Matthew Mucci, and Paisley Hasit, all of whom were engaged by Truc and/or a co-conspirator in connection with the Illegal Airtime Fraud Scheme alleged in the first amended complaint (ECF No. 15).

## II. SERVICE OF PROCESS AND DEFAULT

As the Court previously noted in its order on service of process, no applicable international agreement exists between the United States and Vietnam governing service of legal documents abroad, and therefore no international law prohibits TracFone from serving Trung Truc in Vietnam via email pursuant to Federal Rule 4(f)(3). This

Court's order is consistent with other rulings from this District and from other courts interpreting the same rule. Federal courts in this District and others have authorized service of process via email pursuant to Rule 4(f)(3) on defendants located outside the United States, and it would be an appropriate and effective method in this case. *See, e.g., U.S. Commodity Futures Trading Com'n v. Aliaga,* 272 F.R.D. 617, 621 (S.D.Fla.2011) (granting leave pursuant to Rule 4(f)(3) to serve summons, complaint, and all subsequent pleadings on defendant in Honduras via email); *Chanel, Inc. v. Zhixian,* No. 10–cv–60585, 2010 WL 1740695, *3 (S.D.Fla. Apr. 29, 2010) (authorizing service via email).

In support of the present motion for default final judgment, TracFone submits an email tracking report demonstrating that the summons and complaint were in fact delivered to Truc and follow-up emails between TracFone's counsel and Truc discussing the case. *See* ECF Nos. 28, 41–1. Moreover, Truc responded to the Court's service of its order setting forth the Clerk's default procedure via email, as set forth in the Notice of Court Correspondence. *See* ECF Nos. 34–35.

Pursuant to Fed.R.Civ.P. 12(a)(1)(A) and this Court's order on service of process, Truc's answer to TracFone's complaint was due on or before February 8, 2012. *See TracFone Wireless, Inc. v. Bequator Corp., Ltd.,* 717 F.Supp.2d 1307, 1310 (S.D.Fla.2010) (finding that time period for responding to complaint set forth in Fed.R.Civ.P. 12(a)(1)(A) applies to defendant served abroad); ECF No. 19 (directing defendants to respond within 21 days of receipt of summons and first amended complaint).

It is thus clear to the Court that Truc had actual notice of this lawsuit and chose not to respond. The Court finds that Truc was properly served, had notice of this lawsuit, and affirmatively chose not to respond—and is therefore in default.

## III. *RELIEF*

On February 28, 2012, the Clerk entered a Clerk's Entry of Default against Truc (ECF No. 33). By virtue of the default entered in this action, the Court finds that Truc has admitted all of the allegations set forth in the first amended complaint, including the allegations pertaining to injunctive relief sought by TracFone. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.,* 561 F.3d 1298, 1307 (11th Cir.2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established."). Accordingly, the Court finds that TracFone is entitled to entry of default judgment and a permanent injunction against Truc.

The Court finds that the evidence submitted in support of the motion for default— including the depositions of Deborah Fay, Matthew Mucci, and Paisley Hasit—demonstrate that Truc engaged in, and knowingly facilitated and encouraged others to engage in, unlawful business practices involving the use of stolen credit card information or other stolen funds to unlawfully purchase TracFone prepaid airtime minutes for use on TracFone's service, and the subsequent resale of those unlawfully obtained TracFone prepaid airtime minutes to consumers across the country, and other violations of federal and state law (the "Illegal Airtime Fraud Scheme").

TracFone's proffer is that while Truc's failure to fully participate in this litigation has made it difficult to determine the full extent of damage caused by his activities, TracFone has obtained evidence indicating that Truc and his co-conspirators have used various eBay seller names to conduct at least 300 TracFone prepaid airtime transactions through eBay. *See, e.g.,* ECF Nos. 15–2–15–8 (setting forth evidence of scheme). The Court accepts TracFone's uncontested proffer on these issues.

TracFone also proffers that Truc's Illegal Airtime Fraud Scheme substantially harms TracFone and consumers who purchase the fraudulently obtained prepaid airtime minutes because the consumers are misled as to the source, sponsorship, and origin of their TracFone prepaid airtime minutes, and as to the legitimacy and amount of airtime minutes

they will be receiving. *See* ECF No. 41–2 (detailing harm to Tracfone).

TracFone's proffer is that, based on the 300 violations it was able to identify, TracFone has suffered actual damages in the amount of $61,637.98. *See* ECF No. 41–2 at ¶ 34 (calculating actual damages as sum of amounts paid to credit card companies to cover fraudulent purchases and average revenue per customer for 300 identified transactions). The Court finds that TracFone's proffer of its actual damages is reasonable.

In addition to actual damages, the Court may, "according to the circumstances of the case," increase a Lanham Act award by up to three times the amount of actual damages. 15 U.S.C. § 1117(a). The Court finds in light of Truc's willful violations of the Lanham Act, use of stolen credit card information or other stolen funds, absence from this case, and the unknown amount of additional unidentified transactions causing damage beyond that confirmed by TracFone's investigation, trebling is appropriate here. Accordingly, the Court awards TracFone three times the amount of actual damages proved in this case, or $184,913.94. *See Ramada Inns, Inc. v. Gadsden Motel Co.*, 804 F.2d 1562 (11th Cir.1986) (affirming district court's award of treble trademark infringement damages); *Punch Clock, Inc. v. Smart Software Dev.*, 553 F.Supp.2d 1353, 1359 (S.D.Fla.2008) (trebling damages for willful nature of infringement); 15 U.S.C. § 1117(e) (providing "rebuttable presumption that the violation is willful for purposes of determining relief if the violator, or a person acting in concert with the violator, knowingly provided or knowingly caused to be provided materially false contact information to the domain name registrar … in registering … a domain name.").

The Lanham Act also gives courts discretion to award reasonable attorneys' fees in "exceptional cases." 15 U.S.C. § 1117(a). "The Eleventh Circuit has defined an exceptional case as a case that can be characterized as malicious, fraudulent, deliberate, and willful." *Punch Clock*, 553 F.Supp.2d at 1359. Additionally, a case may be deemed "exceptional" when the defendant disregards legal proceedings and does not appear. *See,*

*e.g., PetMed Express v. MedPets.com, Inc.*, 336 F.Supp.2d 1213, 1220 (S.D.Fla.2004). The Court finds that the willful nature of Truc's violations, combined with his failure to appear and respond to the first amended complaint despite being having notice of this action, makes an award of attorneys' fees to Tracfone appropriate.

Additionally, the Court finds that TracFone is entitled to entry of a permanent injunction against Truc based on his violations of the Lanham Act through the Illegal Airtime Fraud Scheme. *See* 15 U.S.C. § 1116(a) (stating that courts "shall have power to grant injunctions according to the principles of equity and upon such terms as the court may deem reasonable."). TracFone is also entitled to injunctive relief for Truc's violations of the 15 U.S.C. § 1125 and 18 U.S.C. § 1030.

Based on the foregoing, it is **ORDERED and ADJUDGED** as follows:

1. Tracfone's Motion for Default Final Judgment (ECF No. 41) is **GRANTED.** Final judgment is hereby **ENTERED** in favor of the Plaintiff, TracFone Wireless, Inc., and Against the Defendant, Tran Nguyen Trung Truc a/k/a Tran Thi Quynh Nhu a/k/a Mr. Ufo.

2. Pursuant to 15 U.S.C. § 1117, TracFone is entitled to actual damages, which have been trebled, in the amount of $184,913.94. Therefore, final judgment is **ENTERED** against Defendant Trung Truc in the principal amount of **$184,913.94,** which shall bear interest at the legal rate, for which let execution issue forthwith.

3. TracFone is entitled to an award of attorneys' fees and costs. Plaintiff, TracFone Wireless, Inc. shall move for taxation of fees and costs **within 10 days of this order.**

4. Truc's participation in the Illegal Airtime Fraud Scheme has caused substantial and irreparable harm to TracFone, and will continue to cause substantial harm to TracFone unless enjoined. Thus, TracFone is entitled to permanent injunctive relief on the claims set forth in the first amended complaint. Accordingly, Defendant Trung Truc and each and all of Defendant's respec-

tive officers, directors, successors, assigns, parents, subsidiaries, affiliates, related companies, predecessors-in-interest, principals, agents, employees, attorneys, accountants, investigators, consultants, and all other persons or entities acting or purporting to act for it or on its behalf, including but not limited to any corporation, partnership, proprietorship or entity of any type that is in any way affiliated or associated with Defendant or Defendant's representatives, agents, assigns, parent entities, employees, independent contractors, accountants, attorneys, associates, servants, affiliated entities, and any and all persons and entities in active concert and participation with Defendant, are **PERMANENTLY ENJOINED** from:

   a. purchasing, selling, advertising, soliciting, using, transferring, and/or shipping, directly or indirectly, any TracFone products and services, including, but not limited to, TracFone prepaid airtime cards, TracFone prepaid airtime minutes, TracFone codes, and/or other mechanisms, processes, methods, or materials used to obtain TracFone wireless service or acquire TracFone airtime, including but not limited to the methods employed by the Illegal Airtime Fraud Scheme;

   b. facilitating or in any way assisting other persons or entities who Defendant knew or should have known are engaged in any of the acts prohibited under this permanent injunction including, without limitation, the obtaining and re-selling of unlawfully obtained TracFone prepaid airtime minutes;

   c. knowingly using the TracFone, NET10, or Straight Talk, trademarks or any other trademark owned or used by TracFone, or that is likely to cause confusion with the TracFone, NET10, or Straight Talk Trademarks, without TracFone's prior written authorization.

5. The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this permanent injunction.

6. If the Defendant violates the terms of the permanent injunction, TracFone shall be entitled to file an affidavit or declaration of violation requesting that the Court order the payment of compensatory damages to TracFone in the amount of $5,000.00 for each violation. The Court finds that any amounts awarded under this paragraph are compensatory and reasonable estimations of the minimum damages suffered by TracFone for such a breach and will serve to compensate TracFone for its losses in the event Defendant violates this permanent injunction.

7. The prevailing party in a proceeding to enforce compliance with the terms of this permanent injunction shall be entitled to an award of attorneys' fees and costs incurred thereby.

8. The last known address of Defendant, Trung Truc is 01 Hung Vuong .Q 11, Nguyen, Ho Chi Minh, Vietnam.

9. The address of Plaintiff, TracFone Wireless, Inc. is 9700 Northwest 112th Avenue, Miami, Florida 33178.

10. The Court finds that there is no just reason for delay of the entry of judgment against Defendant, and therefore, pursuant to Fed.R.Civ.P. 54(b), directs the Clerk to enter judgment as set forth herein.

11. The Clerk shall **CLOSE** this case. All pending motions, if any, are **DENIED AS MOOT.**