Lourdes **LEON**, Alexander Paz, Seth Burack, and Nuria Reina individually and on behalf of all others similarly situated, Plaintiffs,

v.

**CONTINENTAL AG,** Continental Automotive Systems, Inc., Continental Automotive Systems US, Inc., Atmel Corporation, Daimler AG, Mercedes–Benz USA, LLC, Honda Motor Co., Ltd., and American Honda Motor Co., Inc., Defendants.

Case No. 1:16–cv–20572–JLK

United States District Court, S.D. Florida, **Miami Division.**

Signed March 31, 2016

Filed April 1, 2016

Avi Robert Kaufman, Kopelowitz Ostrow Ferguson Weiselberg Gilbert, Coral Gables, FL, Scott Adam Edelsberg, Kopelowitz Ostrow, Ft. Lauderdale, FL, Robert Cecil Gilbert, Miami, FL, for Plaintiffs.

Monica Liliana Irel, Dentons U.S. LLP, Alaina R. Fotiu-Wojtowicz, Michael Scott Olin, Michael S. Olin, P.A., Iain Leslie Cooper Kennedy, Shook, Hardy & Bacon L.L.P., Miami, FL, Laurence Stephan Litow, Roetzel & Andress LPA, Fort Lauderdale, FL, Amir M. Nassihi, Shook, Hardy & Bacon, LLP, San Francisco, CA, Robert Thomas Adams, Shook Hardy & Bacon, Kansas City, MO, Thad T. Dameris, Arnold & Porter LLP, Houston, TX, for Defendants.

### ORDER DIRECTING SERVICE OF PROCESS ABROAD

JAMES LAWRENCE KING, UNITED STATES DISTRICT JUDGE

This Cause having come before the Court on Plaintiffs Lourdes Leon, Alexander Paz, Seth Burack, and Nuria Reina's Motion for Entry of an Order Directing Service of Process Abroad [DE # 23] ("Motion"), requesting entry of an Order (1) directing the Clerk of the Southern District of Florida to request service of the Complaint and Summons under the Hague Service Convention of 15 November 1965 on the Service Abroad of Judicial and Ex-

trajudicial Documents in Civil or Commercial Matters (the "Hague Service Convention") on Defendants Continental AG ("Continental Germany") and Daimler AG ("Mercedes Benz Germany") (collectively, the "German Defendants"), and (2) directing the Clerk to serve the Complaint and Summons by postal channel under the Hague Service Convention on Defendant Honda Motor Co. Ltd. ("Honda Japan").

## INTRODUCTION

Plaintiffs allege that airbags manufactured and sold by Defendants Continental[1] and Atmel[2] contain defective control units, and that such defective airbags were installed in millions of vehicles in the United States, including hundreds of thousands of Mercedes Benz[3] and Honda[4] manufactured vehicles. [DE # 1, ¶¶ 3–25]. These defective airbags have already been associated with bodily harm to a number of vehicle owners and/or occupants, and have the potential to cause bodily harm and/or death to the owners and/or occupants of other affected vehicles. *Id.* The Complaint also alleges that 3 of the 8 Defendants in this case—Continental Germany, Mercedes Benz Germany, and Honda Japan—are foreign corporations that regularly transact business in the United States, including within Florida. *Id.* at ¶¶ 41, 47, 50. Although Mercedes Benz Germany and Honda Japan manufactured hundreds of thousands of vehicles with defective Continental Germany manufactured airbag control units that are currently being driven in the United States, neither Continental Germany, Mercedes Benz Germany, nor Honda Japan has appointed a registered agent for service of process in Flori-da, or in any other state. *See id.* at ¶¶ 4–5.

Accordingly, Plaintiffs request entry of an Order directing the Clerk to effect service of process under the Hague Service Convention on the German Defendants and Honda Japan.

## SERVICE UNDER THE HAGUE SERVICE CONVENTION

The Federal Rules of Civil Procedure provide several methods for serving a defendant in a foreign country, including "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague [Service] Convention" and, "unless prohibited by the foreign country's law, by using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." Fed. R.Civ.P. 4(f)(1), (f)(2)(C)(ii). In turn, Article 3 of the Hague Service Convention provides for service of process "through the Central Authority of each [destination] country" and "Article 10(a) of the Hague Service Convention provides that, if the State of destination does not object, the Hague Convention does not change the freedom to send judicial documents, by postal channels, directly to persons abroad." *TracFone Wireless, Inc. v. Sunstrike Intern., Ltd.,* 273 F.R.D. 697, 699 (S.D.Fla.2011) (Judge Martinez) (citing *TracFone Wireless, Inc. v. Bequator Corp., Ltd.,* 717 F.Supp.2d 1307, 1309 (S.D.Fla. 2010) (Judge Hoeveler)).

The Court has confirmed that both Germany and Japan are parties to

---

1. "Continental" refers to Continental AG, Continental Automotive Systems, Inc., and Continental Automotive Systems US, Inc.

2. "Atmel" refers to Atmel Corporation.

3. "Mercedes Benz" refers to Daimler AG and Mercedes–Benz USA, LLC.

4. "Honda" refers to Honda Japan and American Honda Motor Co., Inc. Continental, Atmel, Mercedes Benz, and Honda are occasionally referred to as the "Defendants."

the Hague Service Convention, but only Germany has objected to service of judicial documents by postal channel. Hague Conference on Private International Law, *Hague Service Convention*, https://www.hcch.net/en/instruments/specialised-sections/service. Therefore, under Article 3 of the Hague Service Convention, service of process on Continental Germany and Mercedes Benz Germany must be dispatched by the Clerk to the German Central Agencies for the states in which each maintains its principal place of business (Baden–Württemberg and Niedersachsen, respectively). Hague Conference on Private International Law, *Germany—Central Authority and practical information for Hague Service Convention*, https://www.hcch.net/en/states/authorities/details3/?aid=257 (noting that service pursuant to Article 3 of the Hague Service Convention should be initiated by the court in which service is sought). However, to the extent the Court determines that under Article 10(a) of the Hague Service Convention and Rule 4(f) service of process can be effectuated by postal channel, Honda Japan may be served by direct mail. Hague Conference on Private International Law, *Japan—Central Authority and practical information for Hague Service Convention*, https://www.hcch.net/en/states/authorities/details3/?aid=261 (declaring that Japan does not object to Article 10(a) of the Hague Service Convention).

### Service by Direct Mail

To date, the Eleventh Circuit has not addressed the general issue of service of process by mail on a foreign defendant, but this Court recognizes that four federal circuits have concluded that service by mail is permissible under Article 10(a) of the Hague Service Convention. *Brockmeyer v. May*, 383 F.3d 798, 802 (9th Cir.2004); *Research Systems Corp. v. IPSOS Publicite*, 276 F.3d 914, 926 (7th Cir. 2002), *cert. denied*, 537 U.S. 878, 123 S.Ct.

78, 154 L.Ed.2d 133 (2002); *Koehler v. Dodwell*, 152 F.3d 304, 307–08 (4th Cir. 1998); *Ackermann v. Levine*, 788 F.2d 830, 839–40 (2d Cir.1986).

This is the conclusion shared by many District Judges in this District: under the Hague Service Convention and Rule 4(f), provided the destination country does not object, United States legal documents may be served by direct mail. *See Barriere v. Juluca*, No. 12–23510–CIV, 2014 WL 652831, at *2–3 (S.D.Fla. Feb. 19, 2014) (Judge Moreno); *Forth v. Carnival Corporation*, No. 12–23770–CIV, 2013 WL 1840373 (S.D.Fla.2013) (Judge Seitz); *TracFone Wireless, Inc. v. Unlimited PCS, Inc.*, 279 F.R.D. 626, 630–31 (S.D.Fla.2012) (Judge Ungaro); *TracFone Wireless, Inc. v. Sunstrike Intern., Ltd.*, 273 F.R.D. 697, 699 (S.D.Fla.2011) (Judge Martinez); *TracFone Wireless, Inc. v. Bequator Corp., Ltd.*, 717 F.Supp.2d 1307, 1309 (S.D.Fla.2010) (Judge Hoeveler); *see also TracFone v. Does*, No. 11–cv–21871–MGC, 2011 WL 4711458, at *2 (S.D.Fla. Oct. 4, 2011) (Magistrate Judge Turnof) (applying Fed.R.Civ.P. 45 with Article 10(a)).

The Court is aware—as Plaintiffs noted in their Motion—that contrary authority exists on this issue. *See, e.g., Intelsat Corp. v. Multivision TV LLC*, 736 F.Supp.2d 1334, 1342–43 (S.D.Fla.2010). However, the contrary authority is at odds with the *official* position of the United States as set forth by the Department of State in March 14, 1990:

We consider that the Japanese statement represents the official view of the Japanese Government that Japan does not consider service of process by mail in Japan to violate Japanese judicial sovereignty and that Japan does not claim that such service would be inconsistent with the obligations of any other country

party to the Hague Service Convention vis-a-vis Japan. . . .

We therefore believe that the decision of the Court of Appeals in *Bankston* is incorrect to the extent that it suggests that the Hague Convention does not permit as a method of service of process the sending of a copy of a summons and complaint by registered mail to a defendant in a foreign country.

We believe that it would be useful, in an effort to spare plaintiffs in the United States unnecessary time and expense, for your Center to bring the Japanese statement to the attention of State courts.

*See* March 14, 1990 letter from the State Department's Deputy Legal Adviser Alan J. Kreczko to the National Center for State Courts [DE #23–1]; *see also Tracfone Wireless, Inc. v. Hernandez,* 126 F.Supp.3d 1357, 1362 (S.D.Fla.2015) ("The Court notes in particular that the [State Department] Letter was not presented to the courts that decided *Intelsat Corp.* and [other contrary authority]").

■■■ The State Department's express interpretation of Article 10(a) is particularly significant because its views are accorded special weight by U.S. courts construing treaties. *See, e.g., Sumitomo Shoji Am., Inc. v. Avagliano,* 457 U.S. 176, 184–85, 102 S.Ct. 2374, 72 L.Ed.2d 765 (1982); *Bush v. United States (The Yulu),* 71 F.2d 635, 636 (5th Cir.1934); *see also* 1 RESTATEMENT (THIRD) OF THE FOREIGN RELATIONS LAW OF THE UNITED STATES § 112 cmt. c, at 59 (1987). The Court therefore concludes that under Article 10(a) of the Hague Service Convention, provided the destination country does not object, United States legal documents may be served by direct mail. Moreover, the Court finds that service *"via international express mail and via FedEx . . .* is permissible pursuant to Rule 4(f)(2)(C)(ii)." *Sunstrike,* 273 F.R.D. at 699.

### Timing of the Foreign Defendants' Responses to the Complaint

■■■ The time periods for responding to a complaint set-forth in Fed.R.Civ.P. 12(a)(1)(A) apply to a defendant served abroad. *See Bequator,* 717 F.Supp.2d at 1311 (ordering that defendant's response to the complaint be due 21 days after receipt of the summons and complaint); *SCRA Corp. v. Trajes Internationales de Costa Rica, S.A.,* No. 98–6245, 1999 WL 718650, at *1–3 (E.D.Pa. August 30, 1999) (concluding that Fed.R.Civ.P. 12(a)(1)(A) applies to a defendant served abroad). Therefore, the Court shall require that Continental Germany, Mercedes Benz Germany, and Honda Japan each file a response to the Complaint within 21 days of service of the Complaint and Summons.

### Proof of Service on Honda Japan

Rule 4(f)(2) provides that service of process must be proved "by a receipt signed by the addressee, or by other evidence satisfying the court that summons and complaint were delivered to the address." Plaintiffs may therefore file a copy of the FedEx "proof of signature" (or substantially equivalent document) as proof that service has been effectuated on Honda Japan.

### RELIEF

Accordingly, it is **ORDERED AND ADJUDGED** that the Motion is **GRANTED**. The Court hereby **ORDERS** that:

(A) The Clerk of Court shall deliver to the German Central Authority for Baden–Württemberg located at Präsident des Amtsgerichts Freiburg Holzmarkt 2 79098 Freiburg, Germany, via international express mail, two copies of: (1) Plaintiffs' Complaint; (2) Summons to Continental Germany; (3) Civil Cover Sheet; (4) USM–94, "Request for Service Abroad of Judicial or Extrajudicial Documents," which is to be executed by the Clerk; (5)

Summary of the Document to be Served; (6) the Order Regarding Service on Continental Germany ("Order"); and (7) German translations of each of the foregoing documents;

(B) The Clerk of Court shall deliver to the German Central Authority for Niedersachsen located at Niedersächsisches Justizministerium Am Waterlooplatz 1 30169 Hannover, Germany, via international express mail, two copies of: (1) Plaintiffs' Complaint; (2) Summons to Mercedes Benz Germany; (3) Civil Cover Sheet; (4) USM–94, "Request for Service Abroad of Judicial or Extrajudicial Documents," which is to be executed by the Clerk; (5) Summary of the Document to be Served; (6) the Order; and (7) German translations of each of the foregoing documents;

(C) The Clerk of Court shall serve Honda Japan at 2–1–1 Minami–Aoyama, Minato-ku, Tokyo 107–8556, Japan by sending via United States postal service international express mail, return receipt requested and FedEx one copy of: (1) Plaintiffs' Complaint; (2) Summons to Honda Japan; (3) Civil Cover Sheet; (d) the Order; and (e) a cover letter provided by Plaintiffs;

(D) Plaintiffs shall file a copy of the FedEx "proof of signature" (or substantially equivalent document) as proof, pursuant to Fed.R.Civ.P. 4(1)(2)(B), that service has been effectuated on Honda Japan pursuant to the Order;

(E) Continental Germany, Mercedes Benz Germany, and Honda Japan shall file a response to the Complaint within 21 days from the date each receives a copy of the Summons and Complaint; and

(F) Plaintiffs' counsel shall ensure that the Clerk has the requisite pre-paid and pre-addressed international express mail and FedEx envelopes to carry out the requirements of the Order.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Jus-

tice Building, Miami, Florida this *31* day of March, 2016.