GHOSTBED, INC.; and Werner Media Partners, LLC d/b/a Nature's Sleep, LLC, Plaintiffs,

v.

CASPER SLEEP, INC.; Philip Krim; Red Antler, LLC; and ICS Inc., Defendants.

Casper Sleep, Inc., Counterclaim-Plaintiff,

v.

Ghostbed, Inc.; and Werner Media Partners, LLC d/b/a Nature's Sleep, LLC, Counterclaim-Defendants.

Case No. 0:15-cv-62571-WPD

United States District Court, S.D. Florida.

Signed July 3, 2016

Entered July 14, 2016

Ethan Horwitz, Carlton Fields Jorden Burt, PA, New York, NY, Alan Michael Grunspan, David James Smith, Zachary Dean Ludens, Carlton Fields Jorden Burt, P.A., Miami, FL, Eric Nissim Assouline, Assouline & Berlowe, Dania Beach, FL, Peter Andrew Koziol, Assouline & Berlowe, P.A., Boca Raton, FL, for Plaintiffs and Counterclaim-Defendants.

David Charles Pollack, Kelly R. Melchiondo, Stearns Weaver Miller Weissler Alhadeff & Sitterson, Joshua Evan Saltz, Michael B. Chesal, Moish Eli Peltz, Steven Ira Peretz, Peretz Chesal & Herrmann PL, Miami, FL, for Counterclaim-Plaintiff and Defendants.

Andrew Kemp-Gerstel, Liebler Gonzalez & Portuondo PA, Peter James Maskow, Miami, FL, Jana Montiel, Becker & Poliakoff, Coral Gables, FL, for Defendants.

## ORDER ON PLAINTIFFS' MOTION FOR ORDER AUTHORIZING SERVICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(f)

Lurana S. Snow, UNITED STATES MAGISTRATE JUDGE

This cause is before the Court upon Plaintiffs, GhostBed, Inc. ("GhostBed") and Werner Media Partners, LLC d/b/a Nature's Sleep, LLC ("Nature's Sleep") (collectively, "Plaintiffs"), Motion for Order Authorizing Service Pursuant to Federal Rule of Civil Procedure 4(f) (ECF No. 56) (the "Motion") which was referred to Lurana S. Snow, United States Magistrate Judge. Plaintiffs seek the entry of an Order, pursuant to Federal Rule of Civil Procedure 4(f), granting Plaintiffs leave to effectuate service of process on Defendant ICS Inc. ("ICS") via international mail at its last-known address in the Cayman Islands. The Court, having considered the Motion, reviewed the Court file, and being otherwise fully advised, **GRANTS** Plaintiffs' Motion (ECF No. 56), and more particularly finds as follows:

### BACKGROUND

Plaintiffs filed their Amended Complaint (ECF No. 26) on April 4, 2016, naming ICS as a Defendant in this lawsuit. Plaintiffs are suing ICS for, among other things, its alleged infringement of Plaintiffs' valuable trademark rights, for cybersquatting, and for unfair competition under Florida and federal law. Id. Plaintiffs allege that ICS' registration and use of the www.naturesleep.com web domain (the "Cybersquatted Domain") and cooperation with other defendants has injured Plaintiffs. Id. During the course of their investigation in connection with this

lawsuit, Plaintiffs ran a report which revealed ICS as the registrant of the Cybersquatted Domain and provided ICS's address in the Cayman Islands. (ECF No. 56-1)

Plaintiffs request the entry of an order permitting service of process to be made, pursuant to Federal Rule of Civil Procedure 4(f), upon ICS via international mail in the Cayman Islands at the address provided in ICS's registration of the Cybersquatted Domain. Because the Cayman Islands is a signatory of the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents (the "Hague Convention") and service of process through postal channels is allowed under Article 10(a) thereto, Plaintiffs' request for service via international mail complies with Federal Rule of Civil Procedure 4(f)(1).[1] Additionally, as service of process via international mail does not violate the Hague Convention, to which the Cayman Islands is a signatory, Plaintiffs' requested method of service complies with Federal Rule of Civil Procedure 4(f)(2). Finally, as service of the Amended Complaint and Summons via international mail is reasonably calculated to give notice to ICS and is not prohibited by Cayman Islands law, this method satisfies Federal Rule of Civil Procedure 4(f)(3). For all of these reasons, Plaintiffs' Motion (ECF No. 56) is **GRANTED.**

## FINDINGS

Plaintiffs brought this lawsuit against ICS related to its registration and use of the Cybersquatted Domain and its alleged participation in a marketing scheme that infringed Plaintiffs' valuable trademark rights constituting unfair competition under Florida and federal law. Plaintiffs seek an order permitting service of process to be made, pursuant to Federal Rule of Civil Procedure 4(f), upon ICS via international mail at its last known address in the Cayman Islands. The Court finds that such an order will allow the Court to proceed more quickly to adjudicating this case on the merits. Absent such relief, it will likely be several more months before Plaintiffs would otherwise be able serve ICS in the Cayman Islands through The Grand Cayman Clerk of the Courts—the designated central authority under the Hague Convention, one of the other means available to Plaintiffs.

■■■■ Federal Rule of Civil Procedure 4(f) provides three methods for serving an individual in a foreign country: (1) b y internationally agreed means, such as those authorized by the Hague Convention on Service of Process; (2) by a method that is reasonably calculated to give notice, or (3) by other means committed to a court's discretion that are not prohibited by international agreement.[2] Where, as here, there are multiple independent bases for international service under Fed.R.Civ.P. 4, the Court may use its discretion to decide the proper basis for the chosen method of international service. The Court will now address each of Rule 4(f)'s provisions in turn.

## A. Service Pursuant to Federal Rule of Civil Procedure 4(f)(1)

Federal Rule of Civil Procedure 4(f)(1) provides that a person may be served outside of the United States "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."

■■■ On June 20, 1970, the United Kingdom extended the Hague Convention to the Cayman Islands, and it became effective there on July 19, 1970. (ECF No. 56-3.) Article 10(a) of the Hague Convention pro-

---

1. The Cayman Islands is a territory of the United Kingdom, which is a signatory to the Hague Convention. (ECF No. 56-2.) The United Kingdom extended the Hague Convention to the Cayman Islands on June 20, 1970, with The Hague Convention entering into force in the Cayman Islands on July 19, 1970. (ECF No. 56-3.) For sake of simplicity, the Cayman Islands will be referred to as a signatory herein.

2. Service pursuant to Fed.R.Civ.P. 4(f) does not include a hierarchy of methods of service. Fed. R.Civ.P. 4(f)(3) is equally acceptable, as the Rule included "no qualifiers or limitations which indicate [Rule 4(f)(3)'s availability only after attempting service of process by other means." *Brookshire Bros., Ltd. v. Chiquita Brands Intern., Inc.,* 2007 WL 1577771, at *1 (S.D.Fla., May 31, 2007) citing *Rio Properties, Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1015 (9th Cir.2002).

vides that the "Convention shall not interfere with the freedom to send judicial documents, by postal channels, directly to persons abroad," provided that the destination country does not object. As reflected by Exhibit 5 to the Plaintiffs' motion, the United Kingdom has given made no objection to Article 10(a) of the Hague Convention, making service via postal channels a valid method of service in the United Kingdom and its territories, including the Cayman Islands.

■ As Judge Martinez of this district found in *TracFone Wireless, Inc. v. Sunstrike Intern., Ltd.,* 273 F.R.D. 697, 699 (S.D.Fla.2011) (Martinez, J.) and as several other judges in this district have also recognized, where the destination country does not object, service to individuals abroad can be made via postal channel (such as international mail) under Federal Rule of Civil Procedure 4(f)(1). *See Leon v. Continental AG,* 176 F.Supp.3d 1315, 1318, 2016 WL 1388950, at *2 (S.D.Fla. Apr. 1, 2016) (King, J.) (allowing service of process by mail to Japan); *Tracfone Wireless v. Hernandez,* 126 F.Supp.3d 1357, 1362 (S.D.Fla.2015) (Martinez, J.) (allowing service of process by mail to Belize, a non-member party to the Hague Convention which did not object to the provision permitting service by mail); *Barriere v. Juluca,* 2014 WL 652831, at *2–3 (S.D.Fla.

Feb. 19, 2014) (Moreno, J.); *Forth v. Carnival Corporation,* 2013 WL 1840373 (S.D.Fla. 2013) (Seitz, J.) (recognizing split among the Circuits and in this district as to the meaning of "send" in the Hague Convention, and holding service by mail to Anguilla permissible in light of the State Department's position on the issue); *TracFone Wireless, Inc. v. Unlimited PCS, Inc.,* 279 F.R.D. 626, 630–31 (S.D.Fla.2012) (Ungaro, J.) (Hong Kong); *TracFone Wireless, Inc. v. Bequator Corp., Ltd.,* 717 F.Supp.2d 1307, 1309 (S.D.Fla.2010) (Hoeveler, J.); *Lestrade v. United States,* 945 F.Supp. 1557, 1558–59 (S.D.Fla.1996) (Hoeveler, J.) (France); *TracFone v. Does,* 2011 WL 4711458, at *2 (S.D.Fla. Oct. 4, 2011) (Turnoff, J.) (Canada). [3]

The United Kingdom—and therefore the Cayman Islands—has not objected to Article 10(a) and, hence, permits service by postal channel. Therefore, pursuant to Federal Rule of Civil Procedure 4(f)(1) and the Hague Convention, Plaintiffs request for an Order authorizing them to serve ICS with a copy of the Complaint and Summons via international mail is permissible.

## B. Service Pursuant to Federal Rule of Civil Procedure 4(f)(2)

■ Plaintiffs additionally request leave of the Court to effect service on ICS via inter-

---

**3.** There are a few contrary decisions on the issue in this district. Specifically, in *Intelsat Corp. v. Multivision TV LLC,* 736 F.Supp.2d 1334 (S.D.Fla.2010) (Altonaga J), and in *Arco Electronics Control Ltd. v. Core Intern.,* 794 F.Supp. 1144 (S.D.Fla.1992) (Roettger, J.), the courts found that since the Hague Convention uses the word serve in multiple places but "send" in Article 10(a), the drafters evinced an intent not to include service of process when they drafted 10(a). This contrary authority, however, is directly at odds with the official position of the United States Department of State and subsequent decisions from this district. On March 14, 1990, Alan J. Kreczko, the then incumbent legal advisor to the Department of State drafted a letter to the National Center for State Courts, criticizing the decision in *Bankston v. Toyota Motor Corp.* 889 F.2d 172 (8th Cir.1989), wherein the Eighth Circuit compared the use of the word "send" in Article 10(a) to the use of the words "serve" or "service" throughout the rest of the Hague Convention and concluded that the difference was intentional. Kreczko asserted that the Department of State's official position was that the *Bankston* decision was incorrect. He explained

that the Department of State concluded that permitting service by mail would spare plaintiffs in the United States time and expense and noted that a Japanese delegate at a meeting of new Hague Convention members expressed Japan's position that service of mail did not violate Japan's judicial sovereignty. Kreczko asked that the letter be distributed to the state courts. The undersigned notes the longstanding proposition that the views of the Department of State, as part of the executive branch, should be given special weight in construing treaties entered into by the United States. *See Sumitomo Shoji Am., Inc. v. Avagliano,* 457 U.S. 176, 102 S.Ct. 2374, 72 L.Ed.2d 765 (1982), and while the Eleventh Circuit has not addressed the issue, four of the six circuits to have done so have concluded that service by mail is permissible under the Hague Convention. *See Ackermann v. Levine,* 788 F.2d 830 (2nd Cir.1986); *Brockmeyer v. May,* 383 F.3d 798 (9th Cir.2004); *Research Systems Corp. v. IPSOS Publicite,* 276 F.3d 914 (7th Cir.2002), *cert. denied* 537 U.S. 878, 123 S.Ct. 78, 154 L.Ed.2d 133; *Koehler v. Dodwell,* 152 F.3d 304 (4th Cir.1998).

national mail, as allowed by Federal Rule of Civil Procedure 4(f)(2). Specifically, Federal Rule of Civil Procedure 4(f)(2) provides, in pertinent part, that if not prohibited by federal law or the foreign country's law, service may be made "using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt." As more specifically set out in the preceding section, the United Kingdom has not objected to service via international mail under Article 10(a) of the Hague Convention. Because the Cayman Islands is a signatory to the Hague Convention and has not objected to the application of Article 10(a) thereof, the Court finds that service in compliance with the Hague Convention does not contravene Cayman Islands law.

Therefore, Plaintiffs alternative request that the Clerk of Court dispatch a copy of the Summons and Complaint via international mail directed to ICS is also permissible. The Court finds that such service comports with due process. *See Tracfone Wireless, Inc. v. Bequator,* 717 F.Supp.2d 1307 (S.D.Fla. 2010).

Pursuant to Federal Rule of Civil Procedure 4(f)(2), a judicial officer must initiate the service. Once the Court enters an Order approving of service via international mail under Federal Rule of Civil Procedure 4(f)(2), Plaintiffs shall deliver the required documents to the Clerk's office so that the Clerk may carry out the Order.

## C. Service Pursuant to Federal Rule of Civil Procedure 4(f)(3)

■ Next, Plaintiffs request that the Court permit them to serve Defendants via international mail pursuant to Federal Rule of Civil Procedure 4(f)(3). Federal Rule of Civil Procedure 4(f)(3) provides for service to be made "by other means not prohibited by

international agreement." *See also Prewitt Enters., Inc. v. OPEC,* 353 F.3d 916, 921–27 (11th Cir.2003). Under Federal Rule of Civil Procedure 4(f)(3), "courts have authorized a wide variety of alternative methods of service including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Rio Properties,* 284 F.3d at 1016. Specifically, in *Rio Properties,* the Ninth Circuit held that the district court properly found that alternative service via international courier and via email was constitutionally acceptable. *Id.* at 1016–17. The Ninth Circuit confirmed that the "Constitution does not require any particular means of service of process, only that the method selected be reasonably calculated to provide notice and an opportunity to respond."[4] *Id.* at 1017; *see also Hernandez,* 126 F.Supp.3d at 1364 (same) (citing *Rio Properties,* 284 F.3d at 1016–17); *Chanel, Inc. v. Lin,* 2009 WL 1034627, at *2 (S.D.Fla. April 16, 2009) (service under Federal Rule of Civil Procedure 4(f) should be calculated "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.") (citing *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)).

The Court is required to examine three factors in determining whether to exercise its discretion and permit alternative service of process as requested by Plaintiffs. *Hernandez,* 126 F.Supp.3d at 1364. First, the Court must be satisfied that the proposed method of service is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id. Citing Chanel, Inc.,* 2009 WL 1034627, at *2 (citing *Mullane,* 339 U.S. at 314, 70 S.Ct. 652 (1950)). Second, the Court must determine that the proposed method of

---

4. Plaintiffs noted, and the Court agrees, that compliance with the Hague Convention is mandatory in all cases in which it applies. *See, e.g., Volkswagenwerk AG v. Schlunk,* 486 U.S. 694, 705, 108 S.Ct. 2104, 100 L.Ed.2d 722 (1988); *Mayoral–Amy v. BHI Corp.,* 180 F.R.D. 456, 459 n. 4 (S.D.Fla.1998) (noting that a district court may not order Federal Rule of Civil Procedure 4(f)(3) alternative service of process in violation of the principles of the Hague Convention). Here,

the Hague Convention and Federal Rule of Civil Procedure 4(f)(3) can be reconciled—therefore allowing service by international mail to ICS in the Cayman Islands. This is because this manner of service is not *expressly* prohibited under the Cayman Islands law *and* because the United Kingdom has not objected to Article 10(a) of the Hague Convention, as more particularly set out throughout this Motion.

service "minimizes offense to foreign law." *Id. citing Prewitt Enters., Inc.,* 353 F.3d at 927 (citing Advisory Committee Notes to Federal Rule of Civil Procedure 4(f)). Third, the Court must determine that the facts and circumstances warrant exercise of its discretion under Federal Rule of Civil Procedure 4(f). *Id. citing Brookshire Bros., Ltd.,* 2007 WL 1577771, at *2.

With regard to the first factor, Plaintiffs seek to utilize international mail to notify ICS. Here, the address was provided by ICS when registering the Cybersquatted Domain, so the Court is satisfied that international mail to the address will provide notice to ICS.

As to the second factor, this district has confirmed that a proposed alternative method of service of process is not offensive to the forum's law if such method is not "expressly prohibited" by the forum's law. *TracFone v. Distelec,* 268 F.R.D. 687 at 690–91 (finding that the proposed alternative methods of service did not "offend Honduran law because such methods [were] not expressly prohibited by Honduran law). The Court finds that there is nothing in Cayman Islands law that expressly prohibits the alternative method of service proposed here. In fact, as discussed in the preceding sections, service via international mail is actually in compliance with Cayman Islands law through Article 10(a) of the Hague Convention.

The Court should also be satisfied that the proposed method of service "minimizes offense" to Cayman Islands law. Under the Cayman Islands Grand Court Rules of 1995, as revised on October 21, 2013, "Nothing in [these rules] shall prevent the service of process in connection with civil or commercial proceedings in a foreign court or tribunal otherwise than pursuant to a civil procedure convention being effected by an attorney or private process server." (ECF No. 56-7.) The "civil procedure convention" explicitly includes the Hague Convention. *Id.* The Court concludes that given that Article 10(a) of the Hague Convention allows service by international mail absent an objection by the signatory country—and the United Kingdom has not objected to Article 10(a) here—service by

international mail does not offend Cayman Islands law.

Accordingly, the Court finds that Plaintiffs' proposed method of service is consistent with the primary purpose of Cayman Islands service method—to ensure that a defendant has notice of a legal action pending against him. This is the test required under *Mullane,* and Plaintiffs have established that service via international mail is reasonably calculated to reach ICS.

### D. Proof of Service Pursuant to Federal Rule of Civil Procedure 4(1)(2)(B)

Finally, Plaintiffs seek permission to file a copy of the international mail "proof of signature" (or substantially equivalent document) as proof that service has been effectuated pursuant to Federal Rule of Civil Procedure 4(1)(2)(B), which provides that when service is made that pursuant to Federal Rule of Civil Procedure 4(f)(2) or 4(f)(3), service may be proved "by a receipt signed by the addressee, or by other evidence satisfying the court that summons and complaint were delivered to the address." The Court concludes that such a receipt complies with the goal of Federal Rule of Civil Procedure 4(1)(2)(B).

### CONCLUSION

For the reasons stated herein, it is **ORDERED** and **ADJUDGED,** pursuant to Federal Rule of Civil Procedure 4(f) that:

(a) Plaintiffs' Motion for Order Authorizing Service of Process Pursuant to Federal Rule of Civil Procedure 4(f) (ECF No. 56) is **GRANTED** as set forth herein.

(b) The Clerk is to dispatch a copy of the Summons, Complaint, and Order via international mail for service upon ICS pursuant to Federal Rule of Civil Procedure 4(f)(2);

(c) Plaintiffs also may serve ICS with a copy of the Summons, Complaint, and Order via international mail pursuant to Federal Rule of Civil Procedure 4(f)(1) and 4(f)(3), and,

(d) Plaintiffs may file a copy of the international mail "proof of signature" as proof, pursuant to Federal Rule of Civil Procedure 4(1)(2)(B), that service has been effectuated on ICS pursuant to the Court's Order.

**DONE** and **ORDERED** in Chambers at Fort Lauderdale, Florida, this 13th day of July, 2016.

